## BOLING *vs.* WRIGHT ET AL.

1. B., the owner of a slave, gave permission to W. to whip him when- ever he should find him on his premises, and to use such means as were necessary and proper to keep him away. W. caught the slave on his premises, and whipped him, and, having found him there again, about three years afterwards, inflicted on him a whipping of much greater severity: *Held*—1st. That in an action of trespass for the second, evidence of the first whipping is admissible in mitigation of damages. 2d. That if the plaintiff desired to restrict its influence upon the jury, he should have asked appropriate charges of the court limiting its legal effect.

Error to the Circuit Court of Butler. Tried before the Hon. Nathan Cook.

THIS was an action of trespass *vi et armis* by the plaintiff against the defendants in error for an assault and battery committed by them on the person of a slave, the property of the plaintiff. Pleas—not guilty, and that they whipped the slave by permission of the plaintiff, which is the trespass complained of. The case having been made out on the part of the plaintiff, Wright, one of the defendants, introduced evidence tending to show that on the night of the alleged trespass the slave was run from his premises, and that the plaintiff had authorised him to whip said slave should he thereafter be found there, and to use such means as were necessary and proper to keep him away. The defendants then offered to prove that about three years before, but since the authority above spoken of was given by the plaintiff, the same defendant caught the slave on his premises and gave him eighty lashes. This evidence was offered for the purpose of showing the necessity for a severer whipping than that then inflicted. It having been made to appear that the whipping now com-

Boling v. Wright et al.

plained of was unusually severe and such as to incapacitate the slave for labor for the space of two weeks, the plaintiff objected to this evidence, but the court overruled the objection and suffered it to go to the jury. The ruling of the court is the error now assigned.

JUDGE & STONE, for plaintiff in error:

1. It was improper to allow *one whipping* to be given in evidence *in mitigation of another.* The evidence of the conduct of the negro *on one occasion,* years before the institution of the suit, was *irrelevant,* and therefore illegal. It was allowed to be introduced *in mitigation,* and was calculated to mislead the jury.

WATTS & JACKSON, for defendants in error:

1. The evidence admitted was clearly admissible in *mitigation* of damages, and if admissible for any purpose, it was no error to receive it—whether it would *justify,* is not presented on the record properly. If plaintiff had intended to make that point, he should have asked the court to charge on it.

CHILTON, J.—The general rule as applicable to the admission of evidence in actions of this sort is, that the defendant may give in evidence any circumstances connected with the transaction, for which the suit is instituted, in mitigation of the injury done by the trespass, if the matter set up does not amount to a complete justification.—2 Greenl. Ev. §s 272, 274. So in Wills v. Head, 4 C. & P. 568, (S. C. 19 Eng. Com. Law Rep. 531) it was held, that where the owner of sheep shot a dog, which had worried them, not however in the field where the sheep were worried, but some distance from it, though the shooting was not justifiable, yet the habits of the dog should be received in evidence in mitigation of damages. Upon the same principle, in actions for malicious prosecutions, circumstances of suspicion connected with the notorious bad character of the plaintiff have generally been allowed in mitigation of damages.—2 Greenl. Ev. § 458; 2 Phil. Ev. 258. The courts have constantly felt the difficulty of laying down any general rule upon this subject, and the evidence offered must, in a great measure, depend for its legality on the nature of the offence charged, and the peculiar circumstances attend-

ing it. The most that could be said is, that the circumstances offered in mitigation must not be so remote as that by just inference they may not be supposed to have connection with the act complained of, as explanatory of its character, or of the motives and intention of the defendant in its commission.

In the case before us, the defendants insisted that they had permission of the plaintiff, who was the owner of the slave, to whip him, if found upon their premises, and to. use such means as were necessary to prevent his going upon their premises. After this permission they did whip him, giving him eighty lashes, and this whipping they proposed to show was not sufficient to prevent the repetition of his offence, and rendered it necessary, under the license they had, to use more severity than before. In this view, we feel no hesitation in saying the evidence was proper in mitigation, and if the plaintiff below desired to restrict its influence upon the jury, he should not have moved its entire exclusion, but should have asked appropriate charges of the court limiting its legal effect.

Let the judgment be affirmed.