## Ryall *v.* Marx & Co.

*Action on Attachment Bond, for Damages.*

*Relevancy of subsequent attachment.* — In an action on an attachment bond, a second attachment, sued out by the plaintiff therein against the defendant one week after the first, is relevant evidence on the question of malice.

APPEAL from the Circuit Court of Marengo.
Tried before the Hon. JAMES Q. SMITH.

McCAA & FOSTER, for appellant.

JAS. T. JONES, *contra.*

B. F. SAFFOLD, J. — The appellant sued the appellees on their bond, for wrongfully and maliciously suing out an attachment against him, on the ground that he was about to remove out of the State. At the trial, he offered to prove that, about a week after the commencement of the attachment suit complained of, the defendant, J. Marx, made affidavits, and obtained an attachment against him from the circuit court of Mobile county, which was levied by service on Tenant, Lawler & Co. of Mobile, as his debtors by acceptance of a bill of exchange, or draft. The defendants objected, on the ground that the attachment was obtained a week after the other ; and the court sustained the objection.

The reason given for the exclusion of the evidence is untenable. The mere subsequence of the act, the time not being too remote, would not destroy its relevancy as evidence of intention. One week is not such a length of time as, in a case of this sort, should forbid, by just inference, the connection of the one act with the other. It does not appear whether the second attachment was for the same indebtedness, or another. In either event, we cannot say it was not vexatiously obtained. To procure two attachments within a week against a party, when there was no ground for one, would be evidence of malice. *Boling* v. *Wright*, 16 Ala. 664; Drake on Attachment, § 733 ; *Wells* v. *Johnson*, at January term, 1873.

The judgment is reversed, and the cause remanded.