# Kyle v. Bellenger.

*Bill in Equity to enforce Vendor's Lien on Land.*

1. *Intention of parties to contract ; how ascertained or proved.*—In the construction of a written contract, the intention and meaning of the parties must be ascertained from the terms of the writing, the nature of the transaction, and the surrounding circumstances; and they can not be allowed to testify as to their understanding and intention.
2. *Waiver of vendor's lien.*—When the vendor of lands executes a

Vol. LXXIX.

[Kyle v. Bellenger.]

conveyance to the purchaser, taking the note of a third person, indorsed by the purchaser, for the agreed price, or the deferred payments, the vendor's lien, as arising by implication of law, is presumptively waived.

3. *Reservation of lien by contract.*—When lands are sold on a cash basis, part of the price being paid in cash, part in the notes of third persons indorsed by the purchaser, and his due-bill taken for a small balance; an express stipulation in the conveyance, that the vendor "in no way waives the vendor's lien on said land by reason of said personal securities," does not show the reservation of a vendor's lien such as arises by implication of law, the liability of the purchaser on the indorsed note being only secondary, but creates a contract lien in the nature of an equitable mortgage, which may be enforced so soon as the note is due and unpaid, without waiting for a judgment and execution against the maker.

4. *Variance.*—When a bill seeks to enforce a vendor's lien on land, alleging that the note of a third person, indorsed by the purchaser, was taken as additional security for a part of the agreed price, without waiving the vendor's lien; and the evidence shows that a contract lien, in the nature of an equitable mortgage, was expressly reserved, the variance is fatal to relief, but the bill will be dismissed without prejudice.

APPEAL from the Chancery Court of Etowah.

Heard before the Hon. S. K. McSPADDEN.

The bill in this case was filed on the 11th March, 1885, by R. B. Kyle, against W. C. Bellenger and his wife; and sought to enforce an alleged vendor's lien on a tract of land, for a balance of purchase-money remaining unpaid. The contract of sale was made in December, 1882, the agreed price being $850; of which amount $200 was paid in cash, Bellenger gave his due-bill for $48.59, and complainant accepted the note of B. McClendon for $300, indorsed by said Bellenger, for the balance. The note of McClendon was dated the 7th April, 1882, and due the 1st January, 1884; and the bill alleged that it was given and accepted "as additional security" for that part of the purchase-money, and with the express understanding that the vendor's lien on the land was not thereby waived. The complainant and his wife, on the day the contract was consummated, executed a deed conveying the land, at the instance of Bellenger, to his wife. The bill alleged that the due-bill had been paid, and that a partial payment of $74 had been made on McClendon's note; that complainant had, at the instance of Bellenger, in February, 1885, instituted an action on the note against Bellenger, which suit was still pending; and he claimed a vendor's lien on the land for the unpaid balance. The chancellor overruled a demurrer to the bill, but dismissed it on final hearing on pleadings and proof, yet "without prejudice to the filing of another bill, should he fail in collecting out of said McClendon the money due from him." This decree is now assigned as error.

W. H. DENSON, for appellant.—The conveyance contains

[Kyle v. Bellenger.]

and delares an express reservation of a lien and charge on the land for the unpaid purchase-money, and that it is not effected "by reason of said personal securities."—*Hall v. M. & M. Railway Co.*, 58 Ala. 10–22; *Butts v. Broughton*, 72 Ala. 294–98; *Newlin v. McAfee*, 64 Ala. 357; *Bush v. Garner*, 73 Ala. 162; *Bedford v. Burton*, 106 U. S. 338–41; *Ober v. Gallagher*, 93 U. S. 199; 1 Jones' Mortgages, §§ 166–7, 205, 228–31; 3 Pomeroy's Equity, §§ 1255–59, and notes. The complainant had two remedies, which he might pursue at one and the same time—an action at law for the debt, and a bill in equity to enforce his lien; and. if he had not executed a conveyance, he might also have maintained ejectment for the land itself. *Duval v. McLosky*, 1 Ala. 708; *Micou v. Ashurst*, 55 Ala. 607; *Chapman v. Lee*, 64 Ala. 483; *Whitehead v. Lane*, 72 Ala. 39; *Bankhead v. Owen*, 60 Ala. 457; *Ober v. Gallagher*, 93 U. S. 199; *Scott v. Ware*, 64 Ala. 185. A creditor may take as many securities for his debt as he can obtain, and may prosecute them all concurrently, though he can have but one satisfaction. In this case, the lien on the land is expressly reserved, and is not waived by the personal securities—*Union Bank v. Laird*, 2 Wheaton, 390; *Ober v. Gallagher*, 93 U. S. 208; 3 Ch. Ap. (Eng.) 769; *United States v. Hodge*, 6 How. 279; Colebrooke's Col. Sec., §§ 109–11; 6 Wait's Ac. & Defenses, 562, § 4. There was no necessity that Bellenger should have signed a note, bill, bond, or other evidence of the debt. *B. & L. Asso. v. Robertson*, 65 Ala. 388; *Russell v. Southard*, 12 How. 139. McClendon's note being transferred as collateral security, there was no necessity that complainant should sue on it, or offer to return it, in order to maintain an action on the original indebtedness, or consideration.—*Trotter v. Crockett*, 2 Porter, 401; *Rives v. McLosky*, 5 Stew. & P. 330; *Lewis v. United States*, 92 U. S. 622 *Union Bank v. Laird*, 2 Wheat. 390; Colebr. Col. Sec., §§ 109–10. That the right to sue on the original debt was not even suspended by the note on McClendon, see *The Kimball*, 3 Wall. 37; *Wheeler v. Shrœder*, 4 R. I. 383; 6 Wait's Ac. & D., 557, § 2; *Ib.* 560, § 3; *Ib.* 564, § 6.

Dunlap & Dorton, *contra.*—The contract between the parties is to be determined by the writings signed and executed between them. The effect of defendant's indorsement of McClendon's note is well settled, and can not be varied by parol evidence.—*Day v. Thompson*, 65 Ala. 269; *Scott v. Myatt & Moore*, 24 Ala. 494; 2 Dan. Neg. Instr., 688–9; 33 Amer. Rep. 447. The conveyance recites and shows payment of the purchase-money, and leaves no room for the assertion of a vendor's lien. Whatever lien or charge is reserved or created

[Kyle v. Bellenger.]

by the deed, if it extends to the McClendon note, is dependent on the exhaustion of legal remedies against him, and no right of action had accrued when the bill was filed.—*Thomason v. Cooper*, 57 Ala. 560.

CLOPTON, J.—In December, 1882, the appellant, Kyle, sold to Bellenger the lot of land in the pleadings described, and, with his wife, executed a conveyance to the wife of Bellenger. The deed recites, "that the said Kyles have this day, for and in consideration of eight hundred and fifty dollars to them paid by said Bellenger—two hundred dollars in cash, and six hundred and fifty dollars in following described notes, indorsed by said Bellenger, and collection thereof guaranteed free of expense to said Kyle, to-wit," &c. Here follows a specific description by dates, amounts, and times of maturity of four several notes made by third persons, and a due-bill of Bellenger for forty-eight 59-100 dollars. Among the notes described is one for three hundred dollars, made by B. McClendon, dated April 7, 1882, and payable January 1, 1884. The other notes, and the due-bill, have been paid. The bill is brought by appellant to enforce a vendor's lien for an amount of the purchase-money, as due by Bellenger, equal to the balance unpaid on the McClendon note.

Immediately following the description of the land conveyed, the deed contains a provision in these words: "And it is expressly understood, that the said Kyle in no way waives the vendor's lien on said lot, by reason of said personal securities." The contestation between the parties arises on the construction, force and application of this clause of the conveyance. The complainant insists, that the purchaser is primarily bound, by the contract, for the purchase-money; that the notes were taken merely as collateral securities; and that the note of McClendon is only important, and referred to, as a means of ascertaining the amount of the purchase-money due by Bellenger. The defendants contend, that the notes were taken, *pro tanto*, in payment of the purchase-money; that the purchase-money being paid, there can be no vendor's lien; that the effect of the provision in the deed is to carve out a lien, as security for Bellenger's indorsements on the notes; and that such lien can not be enforced, until the requisite steps have been taken to charge him on his indorsement. We do not concur with either party in the contested propositions, as respectively asserted. In construing the contract, in reference to the provision of the deed relating to the non-waiver of the vendor's lien, we shall not regard the testimony of the parties, so far as it respects their understanding and construction, but shall consider the parol evidence only as to the attending facts and circumstances, which

[Kyle v. Bellenger.]

may illustrate the character of the transaction. From the writings, the nature of the transaction, and the surrounding circumstances, the intention and meaning of the parties must be ascertained.

There is no controversy, that a vendor of land, who executes a conveyance, without taking independent security for the purchase-money, has a lien on the land for its payment, which a court of equity will enforce against the vendee, and all persons claiming under him, except *bona fide* purchasers without notice ; there being no waiver of the lien, express or implied. But, if a vendor makes a conveyance, and takes a distinct and separate security for the purchase-money, such as a note of a third person, indorsed by the vendee, the lien is presumptively waived.

Without an agreement, expressed in the deed, or otherwise, the lien of complainant, by reason of the notes of others, indorsed by the purchaser, having been taken, would be regarded as waived. This consequence was sought to be avoided, by expressing in the deed that the lien was not waived.

No obligation, or note, or other evidence of a promise or engagement for the payment of the consideration price of the land, in excess of the cash payment, was required or taken from Bellenger, other than his indorsements of the notes, and his due-bill. His liability as indorser on such paper is secondary, and conditioned on proper proceedings being instituted and perfected to charge him as such.—Code, § 2112. Such conditional liability is incompatible with an intention, and with the theory, that he should be primarily bound. The sale of the land was made on a cash basis. The due-bill was given for the balance of the agreed cash price, after deducting the cash payment and the estimated cash value of the notes. The execution of the due-bill, under such circumstances, rejects the idea of a primary liability for any larger amount. There never has been a time when Bellenger was liable to a suit at law and a recovery for the amount represented by the notes indorsed by him. There was no primary indebtedness, for which the notes could have been taken as collateral security. The vendor's lien, which only arises *by implication of law,* is not created, unless there be a debt unpaid, which was contracted in the purchase of land, and which the purchaser, if *sui juris,* is, or was at some time, liable to pay without condition.—*Thomason v. Cooper,* 57 Ala. 560. The complainant has no lien, such as is sought to be enforced on the case made by the bill.

Though a vendor may execute a conveyance, and take the notes of third persons indorsed by the vendee, he may reserve a lien in the deed, which is enforceable in equity. A lien, thus reserved, is not the vendor's lien arising by implication of law,

but is created by, and dependent on contract—a contract that the land shall be charged with a lien until the purchase-money is paid.—*Hall v. M. & M. Railway Co.*, 58 Ala. 10.   It is not essential that there shall be a primary or absolute indebtedness owing by *the purchaser*, to make a contract reservation of a lien effective.   It may be reserved for the payment and satisfaction of any security, which the vendor may take for the purshase-money.   A lien created by contract, and not sufficient as a legal mortgage, will generally be regarded as partaking of the nature of an equitable mortgage. The form of the contract is immaterial.   Though a lien may not be expressed in terms, equity will imply a security from the nature of the transaction, and give effect as such in furtherance of the agreement of the parties, if there appears an intention to create a security. Says Judge STORY: "If the transaction resolves itself into a security, whatever may be its form, it is in equity a mortgage."—*Flagg v. Mann*, 2 Sum. 486; 1 Jones on Mort., § 162; *Ober v. Gallagher*, 93 U. S. 199; *Bedford v. Burford*, 106 U. S. 338. Neither is any particular form of words necessary to the reservation of a lien in a deed.   Any words that make manifest an intention to retain a lien, will be sufficient in a court of equity, which looks through the form to the substance.—*Moore v. Lackey*, 53 Miss. 85.   The provision of the deed is tantamount to an express reservation of that which is not waived.

The remaining inquiry is, for what purpose was the lien retained, and how far is it applicable?   While the indorsed notes are described in the deed as in part payment of the amount agreed to be paid for the land, and as forming part of the consideration, they are not in satisfaction and extinguishment of the consideration price.   Rather, they constitute a substitute for, or representative of the purchase-money, *pro tanto*, and are in stead of money or of the individual note of the purchaser, though operating to exempt him from personal liability, other than by reason of his indorsement.   Where the note of a third person is taken by the vendor, and a lien is reserved in general terms, the evident intention is to reserve, what would otherwise be regarded as waived,—a security on the land for the full payment of the consideration.   With this object the operation of the lien must be commensurate.   To confine the operation of the lien not waived in the deed, as a security for the secondary and conditional liability of the purchaser as an indorser, without words of limitation, and not as cumulative to the security given by his indorsement, is too restrictive.   From the character of the transaction, notes having been taken as part consideration for land sold at a cash valuation, and a vendor's lien retained generally, the reasonable and satisfactory inference is, that the lien was retained to secure the payment of such part

[Reed v. Summers.]

of the consideration as was not paid in money—the notes and the due-bill.

It follows, that the complainant need not make Bellenger's liability as indorser absolute by suit, judgment, and proper return of execution against the maker of the unpaid note, before filing a bill to enforce the lien. His right of action, in this respect, accrued when the note matured, and remained unpaid. But, on the case made by the bill—to declare and enforce a vendor's lien for a debt contracted in the purchase of the land, primarily due and owing by Bellenger, and for which the notes were taken as collateral security—the complainant can not obtain relief enforcing a lien reserved by contract as security for the payment of one of the notes, where there is no primary liability on the purchaser.

The decree of the chancellor will be amended, so as to dismiss the bill without prejudice generally ; and as amended, it is affirmed at the costs of appellant.