## J. W. DRAPER v. N. E. ALLEN AND WIFE.

*Vendor's Lien—Married Woman, liability of on notes for purchase of land.*

1. The equitable lien of a vendor for the purchase-money of land does not exist in this State, and no change in this respect was made by the constitutional provision that no property should be exempt from sale under execution issued on a debt contracted for the purchase thereof.

2. Although a *feme covert* cannot charge her separate real estate by an obligation in the nature of a contract, unless she be privily examined as prescribed by law, and although her contracts, except in a few instances, will be declared void upon the plea of her coverture, yet equity will not permit her to repudiate a transaction and at the same time retain and enjoy its benefits; therefore,

3. Where a married woman, in an action upon notes given by her for the purchase of land, set up her coverture as a defence, equity will treat her as a trustee and impress upon the land a charge to the extent of the unpaid purchase-money.

CIVIL ACTION, tried at Spring Term, 1893, of NORTHAMPTON Superior Court, before *Hoke, J.*

It is alleged in the complaint that the plaintiff conveyed to the defendant and wife a certain tract of land by deed in fee-simple upon which defendants reside, and that at the time of the execution of the deed the defendants paid $600 cash and gave their joint notes for the balance, $300, the subject of the action; that defendants are in possession of the land, having executed a mortgage thereon to a third party to secure a note for the $600 borrowed by them to make the cash payment.

The plaintiff demanded judgment against the male defendant and that the bonds (which expressed on their face to be for the balance of the purchase-money for the land) be declared a lien upon the land and be enforceable

against the *feme* defendant to the extent of her interest therein.

The defendants, admitting the execution of the bonds, alleged that the *feme* defendant had no separate property, and insisted that her contract did not expressly constitute a charge on her property, etc.

Upon an agreed state of facts (as substantially set out above) his Honor declined to give any judgment in affirmance of the contract which would bind or affect the wife's interest in the land, and gave judgment for the amount of the notes against the male defendant, whereupon plaintiff appealed.

*Messrs. Benjamin S. Gay* and *T. W. Mason,* for plaintiff (appellant).

*Mr. R. B. Peebles,* for defendants.

SHEPHERD, C. J.: The only question presented in this appeal is whether the interest of the *feme* defendant in the land mentioned in the complaint can be subjected to the payment of the purchase-money. It is hardly necessary at this late day to cite the authorities which deny the existence in this State of the equitable lien of the vendor for the purchase-money. These will be found collected in the opinion in *Peck* v. *Culberson,* 104 N. C., 425, which case also decides that no change was made in this respect by the constitutional provision that no property shall be exempt from sale under execution issued on a debt contracted for the purchase thereof. See also upon this point, *Moore* v. *Ingram,* 91 N. C., 376. It is also equally well settled that where, as in this case, a married woman sets up her coverture as a defence, her contracts, except in a few instances, will be declared void; nor will she be precluded from pleading her legal incapacity even where it is induced by

her fraudulent representations, if such representations grow out of the contract. It is also established that she cannot charge her separate real estate by an obligation in the nature of a contract unless she has been privily examined as prescribed by law. *Williams* v. *Walker*, 111 N. C., 604; *Baker* v. *Garris*, 108 N. C., 218; *Farthing* v. *Shields*, 106 N. C., 289; *Flaum* v. *Wallace*, 103 N. C., 296.

According to these principles, the *feme* defendant having pleaded her coverture, the bonds sued upon are void as to her; and it is also manifest that they cannot be enforced against her general separate real estate as obligations in the nature of contracts.

While these limitations have been placed upon the power of a *feme covert* to bind herself personally or to charge her separate estate, it is not to be understood that she enjoys an immunity from those general principles of equity which sternly forbid one from repudiating a transaction and at the same time retain and enjoy its benefits. On the contrary, these principles have frequently been applied to the transactions of married women and the general doctrine has been enunciated in many cases with which the profession is familiar. *Walker* v. *Brooks*, 99 N. C., 207; *Boyd* v. *Turpin*, 94 N. C., 137; *Burns* v. *McGregor*, 90 N. C., 222; *Hodge* v. *Powell*, 96 N. C., 64; *Williams* v. *Walker*, *supra;* *Atkinson* v. *Richardson*, 74 N. C., 455.

In *Walker* v. *Brooks*, *supra*, a father delivered his daughter (a married woman) a railroad bond of the value of $1,070, and took her bond for $670. The Court held that the difference of $400 was an advancement, but that she could not repudiate her bond for the excess on the ground of incapacity and retain the railroad security. The Court said: "It is not a question of her ability to bind herself by a contract, but whether she can be allowed to retain so much as inures to her own benefit and disavow her own

part of the agreement, which was the consideration and condition on which the benefit was accepted." In *Hodges* v. *Powell, supra*, the Court said: "An infant is not bound by his contract, but if he makes a contract and disaffirms it he cannot retain any property acquired by virtue of the contract, and the same principle applies to a married woman. The counsel relied upon *Scott* v. *Battle, supra*. That case is unlike this. There the married woman had executed a deed by herself alone, and it was the folly of the purchaser to take such a deed, but in that case RUFFIN, J., said: ' If a *feme covert* should retain and have actually in hand the money paid her as the consideration for her imperfect and disaffirmed contract, her vendee would be permitted to recover the same at law, or if she had converted it into other property so as to be traceable he might pursue it in its new shape by a proceeding *in rem* and subject it to the satisfaction of his demand.' That is just the case here. The plaintiff has her election. If the obligation is repudiated and disaffirmed, she cannot retain the consideration without compensating the defendant for his damages." The principle laid down in the above case, assimilating a married woman who repudiates her contract on the ground of incapacity to that of a disaffirming infant, at least to the extent that she cannot retain the property obtained under such contract if it can be found or its proceeds traced, is well sustained by reason and authority and is peculiarly applicable to the present case.

It is urged that Mrs. Allen has done all that she contracted to do, and having performed the concurrent act agreed upon—that is, the execution of the bonds—there is no equity that can be asserted against her simply because she does not pay the same. This is a very correct proposition if she had not repudiated her obligations, in which case the same judgment would have been rendered against her as that against

her husband. There would have been no equity to charge the land because she failed to pay, and a judgment would have been rendered for the amount of the debt and enforceable like all other judgments, except that as against the land purchased she could not have claimed a homestead. She has not been content to abide by the contract, and the plainest principles of equity require that she should not be permitted to take an unconscionable advantage by retaining the proceeds. In such cases, for the purpose of preventing a fraud of this kind, equity treats the legal owner as a trustee and impresses upon the land a charge to the extent of the purchase-money. Such should have been the judgment in this case, subject, of course, to the rights of the intervening mortgagee.                                              Error.