# Putnam, *et al. v.* Summerlin.

### *Bill to Enforce Equitable Mortgage.*

(Decided Feb. 10, 1910. Rehearing denied June 30, 1910.
53 South. 101.)

1. *Frauds; Statute of; Equitable Mortgage; Writing.*—Section 4288, Code 1907, has no application to an equitable mortgage on land or personal property.

2. *Mortgages; Equitable Mortgage; Reservation of Lien.*—Where the only title asserted by claimants to the land was by a conveyance which stated that the purchase price had not been paid, and that a lien was reserved thereon, such reservation created an equitable mortgage on the theory that plaintiff could not retain the title and repudiate the condition.

3. *Same; Form.*—The reservation of the lien creating an equitable mortgage does not require any particular form, it being sufficient if the deed shows a clear intention to reserve a lien.

4. *Same; Personal Property.*—The doctrine of equitable mortgage by reservation of lien for purchase price, applies to personal as well as real property.

5. *Sales; Vendor's Lien.*—The expression, "vendor's lien" is not necessarily limited to real estate.

(M'Clellan, J., dissenting.)

APPEAL from Butler Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by W. W. Summerlin against H. A. Putnam and others. From a decree for plaintiff, defendants appeal. Affirmed.

The case made by the bill is: That in 1907 the Fowler Lumber Company was the owner and in possession of the following described timber: (Here follows a description of the timber rights.) That on said date, to wit, June 24, 1907, the Fowler lumber Company sold all the above-described timber to Putnam; part of the purchase price being in cash, and part being secured by notes of the said Putnam. It is then averred that the conveyance executed by the Fowler Lumber Company

[Putnam, et al. v. Summerlin.]

recites the full and true consideration, together with a
description of the property conveyed. It is then averr-
ed that orator is the owner and in possession of 11 prom-
issory notes, each for the sum of $500, executed by H. A.
Putnam, payable to the Fowler Lumber Company at
the First National Bank, Tallapoosa, Ga., in New York
exchange, with interest at 6 per cent. Then follows a
description of the notes as to amounts and the time due.
It is then alleged that said notes were executed as a part
of the purchase price of the lands above described, and
were transferred to him by the Fowler Lumber Com-
pany for valuable consideration before maturity, and
that he is an innocent purchaser. It is then averred that
the deed from the Fowler Lumber Company to Putnam
provided that each of the said above-described notes
should be protected by a vendor's lien as a part of the
purchase price of the property conveyed. It is then
averred that the Alabama Lumber & Manufacturing
Company acquired said property by conveyance from
said H. A. Putnam, with notice of orator's indebtedness
and the above-mentioned land and incumbrances upon
the same. It is then alleged that the property above
described was made the basis of the incorporation of
said company. It is further averred that there are oth-
er notes oustanding, each executed in payment of the
following purchase price; but orator is not informed as
to whom they belong, but that some of them are past
due and others are not due, and that the notes executed
are similar to those held by orator, and that all contain
a vendor's lien upon said property. Then follow alle-
gations upon which is based the application for an in-
junction restraining the further destruction of the tim-
ber. The deed is attached as an exhibit, and describes
the notes, and said deed contains the following clause:
"One payable the 15th day of July, 1907, and one paya-

[Putnam, et al. v. Summerlin.]

ble the 15th day of each month thereafter until all are paid, each of said notes to be protected by a vendor's lien as a part of the purchase price for the property hereinafter conveyed." Then follows the description of the property as described in the bill. The bill was amended by inserting a list of personal property, consisting of sawmill outfit, and further amended by the insertion of the word "property" wherever land occurs in paragraph 4. The prayer was amended by praying that it be adjudged that complainant have a vendor's lien, or a lien in the nature of an equitable mortgage, upon the property described in the bill, for the payment of the notes which are due, and for an enforcement of the same by sale under decree, and to permit the holders of the other notes to come in. The demurrers raise the question of an adequate remedy at law, and for that the bill shows on its face that the complainant had no vendor's lien because the property described in the bill consisted of lands and other personal property, and it is not shown that the purchase price of the personal property was agreed upon as distinct and separate from the real estate, and because the holders of other notes not held by complainant are necessary and indispensable parties, and because the amendment is a departure from the oringal bill.

ROBERT L. HARMON, and POWELL, HAMILTON & LANE. for appellant. There was no pretense that there was any agreement to execute a mortgage either on real or personal property, and it is clear that the clause in the deed referred to cannot be construed as an equitable mortgage or any other kind of mortgage.—Sec. 4288, Code 1907. Where real estate and personal property are sold for a lump sum in bulk, so that there can be no ascertainment or separation of the purchase price of

[Putnam, et al. v. Summerlin.]

the real estate from that of the personal property, there can be no vendor's lien.—*Suddeth v. Knight*, 14 So. 475; *Warner v. Bliven,* 127 Mich. 665; *Griffin v. Byrd,* 74 Miss. 32. In the case at bar there is no lien by implication of law, and a lien dependent upon the agreement of the parties must be manifested by writing, and signed by the party to be charged.—*Stringfellow v. Ivey,* 73 Ala. 209; *Patton v. Beecher,* 62 Ala. 579.

MERRILL & MERRILL, and L. M. LANE, for appellee. If the instrument shows the intention of the parties to secure a valid debt, it must be construed to be an equitable mortgage, or equitable lien, and whether the one or the other depending upon the facts of the particular transaction; and words that make manifest, an intention to retain a lien will be sufficient in a court of equity.—A. & E. Enc. of Law, vol. 29, 779 to 785; *Kyle v. Bellenger,* 79 Ala. 520; *Newlin v. McAfee,* 64 Ala. 357; *Smith v. Hiles-Carver Co.,* 107 Ala. 272; *Wood v. Holly M. Co.,* 100 Ala. 326; *Ross & Co. v. Perry,* 105 Ala. 533; *Butts v. Broughton,* 72 Ala. 298; *Jackson v. Rutherford,* 73 Ala. 157; *Hall v. Mobile & Mont. Ry. Co.,* 58 Ala. 10; *Edwards v. Scruggs,* 155 Ala. 568; *Courtner v. Ethridge,* 149 Ala. 78; 3 Pom. Eq. Jur. (3rd Ed.) 1235.

SIMPSON, J.—The original bill in this case was filed by the appellee against the appellants to enforce a vendor's lien on certain lands. A demurrer was interposed to the bill on the ground that the bill showed, on its face, that the consideration of the notes was both land and personal property, and that no vendor's lien could be enforced against the land.

Without insisting on a decree on said demurrer, the complainant amended the bill, claiming an equitable

mortgage on all of the property conveyed, both real and personal, based upon the expression in the deed, conveying the property, after describing the notes given for the same, to wit: "Each of said notes to be protected by a vendor's lien as a part of the purchase price for the property hereinafter conveyed." It is contended by the appellants that the expression in the deed cannot operate as an equitable mortgage on the property, because the deed was not signed by the defendants, and there is no proof that there was an independent verbal agreement to give a mortgage, also because section 4288 of the Code of 1907 provides that "a mortgage of personal property is not valid unless made in writing, and subscribed by the mortgagor."

Referring first to the statute, it simply declares the law, with regard to personal property, which has always been the law in relation to real estate, yet courts of equity have always enforced equitable mortgages on lands, without any writing, subscribed by the mortgagor. We hold, then, that the statute does not affect the equitable doctrine of equitable mortgages, as to personal property.

This is not a case wherein it is sought to show that the appellants had made a verbal mortgage on their lands and personal property, but a case in which the only title which they have to the lands is coupled with a condition that the lands and personal property are burdened with a lien for the purchase money, until the same is paid. The respondents could not accept the title and repudiate the conditions on which it is conveyed. The authorities are clear that the reservation in the conveyance of a lien creates an equitable mortgage. —29 Am. & Eng. Ency. Law, 779, 780, et seq., and notes; *Hall et al. v. Mobile & M. Ry. Co.*, 58 Ala. 10, 22, et seq.

[Putnam, et al. v. Summerlin.]

While it is true that, in the case just cited, the purchaser also gave a power of attorney authorizing the sale of the land, yet the decision is based on the equitable lien retained in the deed, and is amply sustained by citations from Jones on Mortgages and other authorities.

The doctrine of an equitable lien created by a reservation in the conveyance is clearly recognized in our case of *Kyle v. Bellenger,* 79 Ala. 516, 520, 521.

The law does not require that any particular form of words be used; it being sufficient if the deed shows a clear intention to reserve a lien.

· The case of *Williams v. Davis,* 154 Ala. 422, 425, 45 South. 908, 909, is not in conflict with what has been said in the present case. In that case it was simply an effort to enforce a parol agreement to execute a mortgage, which never could have been done as to realty, and, since the adoption of the statute, cannot be done as to personal property. The court, in that case, specially alludes to the fact that, since the statute, a verbal agreement as to personal property stands upon the same footing as a verbal agreement as to realty.

The principle upon which, in cases like this, an equitable mortgage has been declared on lands, is not that there was a verbal contract for such mortgage, but because the vendee received his title to the land coupled with the provision for the lien, and it would be inequitable to allow him to hold under the conveyance and repudiate its conditions. The same principle applies to personal property, and the statute does not abrogate it.

There was no error in the overruling of the demurrer to the amended bill.

The decree of the court is affirmed.

Affirmed.

Dowdell, C. J., and Mayfield and Sayre, JJ., concur. McClellan, J., dissents.

### ON REHEARING.

SIMPSON, J.—In the original opinion in this case we called attention to the fact that, in the case of *Hall v. Mobile & M. R R.,* 58 Ala. 10, 22, the purchaser gave a power of attorney; but, as stated then, the decision of the case is based on the reservation in the deed, and not on the power of attorney, and the court decided distinctly that it was not a vendor's lien, but an equitable mortgage, and governed by the same rules as a mortgage.

In the case of *Kyle v. Bellenger,* 79 Ala. 516, 520, 521, the court distinctly held that the party did not have a vendor's lien, and that when the bill alleged a vendor's lien, and the proof showed the contract lien, there was a variance. It was held that an express reservation in the deed of conveyance created an equitable mortgage, regardless of the form of words, "if there appears an intention to create a security."

These and other decisions recognize the principle of an equitable mortgage, created by a reservation in the deed, notwithstanding the provisions of the statute of frauds that every agreement for the sale of lands or any interest therein is void "unless such agreement, or some note or memorandum thereof, expressing the consideration, is in writing and subscribed by the party to be charged therewith."—Code 1907, § 4289, subd. 5.

The case of *Barnhill v. Howard,* 104 Ala. 412, 16 South. 1, does not raise the question of an equitable mortgage at all, but involved an action of detinue, in which the legal title alone could be considered. Besides, there was no conveyance distinctly reserving the lien, but only a verbal understanding "that the oxen were to stand good for themselves until they were paid for."

In the case of *Loyd v. Guthrie,* 131 Ala. 65, 71, 31 South 506, 507, 508, there was no conveyance reserving a lien at all; but the suit was on a note in which the defendant was to pay so much for material and labor furnished to build a store, and at the end of the note it stated: "A mechanic's lien is held on said building to secure the payment of this note." The only point decided by the court is that that was a mere statement of the fact that a mechanic's lien at that time was on the property, and not "the giving or creation, or attempted giving or creation, of any lien whatever."

It is said: "Perhaps the nearest approach to a general rule as to what language will be sufficient to create a lien would be to draw a line of demarcation between such language as simply asserts that the lien exists and language which shows the resolution, the effort, the undertaking of the parties to create the lien; in the former case the lien will not arise, but in the latter equity will assist the intention of the parties."—29 Ency. Law (2d Ed.) 786.

This lien, reserved in the instrument conveying the title, is entirely distinct from the implied vendor's lien, and, as said, "in the very instrument conveying the title to the vendee, restricts that title to subjection to the lien reserved therein."—29 Ency. Law (2d Ed.) 780. It is an equitable mortgage,—2 Warwelle on Vendors (2d Ed.) § 718.

The Supreme Court of Pennsylvania does not recognize the doctrine of implied vendor's lien, but does recognize a lien reserved in the deed.—*Heist v. Baker,* 49 Pa. 9, 13.

The Supreme Court of Appeals of Virginia holds that "a lien secured by contract on the face of the deed stands upon much higher ground than the implied lien." and that "such a lien constituted a specific charge upon

[Siglin, et al. v. Smith, et al.]

the land as valid and effectual as a deed of trust or mortgage."—*Coles v. Withers,* 33 Grat. 186, 194.

In North Carolina, where no vendor's lien is recognized, and where a married woman cannot charge her estate except by contract after privy examination, etc., the Supreme Court says: "While these limitations have been placed upon the power of a feme covert to bind herself personally or to charge her separate estate, it is not to be understood that she enjoys an immunity from these general principles of equity which sternly forbid one from repudiating a transaction and at the same time retain and enjoy its benefits."—*Draper v. Allen,* 114 N. C. 50, 19 S. E. 61, 62.

The expression "vendor's lien" does not necessarily refer to real estate.—Black's Law Dict. p. 1213.

The case of *Peay, Adm'r, v. Field,* 30 Ark. 600, is not at all analogous to this case. In the *Peay Case* the suit was on a note given for money advanced to pay taxes, and merely stated, at the close of the note, "The tax lien given by law on my property, for which this money is advanced to pay taxes, I hereby recognize," when, as a matter of fact, the law did not give such a lien."