# Interstate L. Co. *v.* Duke.

### *Trover and Trespass.*

(Decided June 5, 1913.   62 South. 845.)

1. *Action; Misjoinder; Trespass and Case.*—Where, in one count it is alleged that the servants of defendant, acting within the scope of their authority, took and carried away or consumed personal property and also took charge of and injured certain oxen, and took charge of three wagons, and damaged two of them, it was bad for joining in one count both trespass and case.

2. *Pleading; Amendment; Demurrer; Refiling.*—Where a complaint is amended by adding distinct counts, after a demurrer to the original counts is overruled, the demurrant is not required to again interpose the demurrer to the amended counts in order to save for review the rulings on demurrer to the original count.

3. *Trespass; Defense; Ratification by Principle; Acts of Agent.*—As a defense to an action of trespass for property wrongfully taken and damaged, a plea alleging that plaintiff's agent voluntarily surrendered the property to defendant was defective for failing to allege the authority of plaintiff's agent to so dispose of the property, or that plaintiff afterwards ratified the acts of his agent with full knowledge thereof.

4. *Same; Evidence.*—Although not admissible as an absolute defense to an action for damages for wrongfully taking possession of property and damaging it, evidence that plaintiff had a contract with defendant requiring the use of the property taken, and while performing the contract plaintiff became a fugitive from justice, and left his property with another who delivered it to defendant, who retained possession thereof, and surrendered it to plaintiff on his return, was admissible on the question of damages.

[Interstate L. Co. v. Duke.]

5. *Same.*—Where the action was for damages for taking and injuring personal property, and the defense alleged in the plea was that defendant held a mortgage covering the property, and that plaintiff became a fugitive from justice, abandoned the property, and that defendant took the control thereof, under the mortgage for plaintiff's benefit and protection, it was competent for defendant to show on the examination of plaintiff that plaintiff became a fugitive from justice as alleged.

6. *Same; Exemplary Damages.*—Evidence that defendant appropriated the property in good faith for the purpose of carrying out plaintiff's logging contract with defendant, and took good care of the property, was admissible on the question of damages although not in justification of the trespass.

7. *Same.*—Where the action was for damages to oxen and other property alleged to have been taken and damaged by defendant, and defendant claimed that it took the property to carry out a logging contract which plaintiff had made with defendant after plaintiff had abandoned the contract, evidence as to the nature and terms of the logging contract was admissible as was also repairs made by defendant to plaintiff's property alleged to have been taken.

8. *Same.*—Although a verbal agreement extending a chattel mortgage after it had been satisfied, covering chattels claimed to have been taken and damaged by defendant, was not effectual to continue the mortgage, evidence of such agreement was admissible on the question of exemplary damages sought for taking and injuring such chattel.

9. *Same; Defenses.*—The existence of a contract to perform a service for another requiring the employment of property in its performance will not justify unauthorized appropriations or injury of the property by the person for whom the service is being performed.

10. *Mortgages; Satisfaction.*—In view of the provisions of section 4288, Code 1907, a verbal agreement that a chattel mortgage should continue as security, did not continue the mortgage as the chattel mortgage where it had been previously satisfied.

APPEAL from Lamar Circuit Court.

Heard before Hon. BERNARD HARWOOD.

Action by G. T. Duke aaginst the Interstate Lumber Company. From a Judgment for plaintiff, defendant appeals. Reversed and remanded.

As amended, count 3 is as follows: "Plaintiff claims of defendant the sum of $2,000 damages, for that heretofore, to wit, on or about the 1st day of November, 1910, the defendant's agents or servants, acting within the line of their duty, or within the scope of their authority, took and carried away or consumed the follow-

ing property, to wit (here follows a description of certain personal property). And defendant's agents or servants took charge of and injured three oxen belonging to plaintiff by knocking the eyes of two oxen out and by crippling one ox in the shoulder, and defendant's agents or servants took charge of one ox belonging to plaintiff, injuring said ox, and defendant's servants or agents took charge of three wagons belonging to plaintiff, and damaged two wagons in this, one wheel was broken, and the tongue was broken out of one wagon, the property of plaintiff, and plaintiff avers that by reason of the defendant's agents or servants taking charge of said property as aforesaid, he has been damaged in the sum claimed."

The demurrers raise the questions discussed in the opinion.

Plea 5 alleges that plaintiff had entered into a contract with the Interstate Lumber Company known as a logging contract, and that on or about the 1st day of November, 1910, while said contract was still in force, plaintiff, being in possession of the property described in the complaint, and using the same in carrying out his contract with defendant, became a fugitive from justice, leaving his property in the custody and control of one Sam Payne; that said Payne willingly and voluntarily delivered the possession and control of said property to certain persons in the employ of the Interstate Lumber Company, the said possession and control continuing only a short time, to wit, 10 days, and that during said time said property was used and managed in a careful and prudent way, and for the benefit of plaintiff, and upon his return possession thereof was surrendered to him, and when so surrendered it was in substantially the same condition as when he left it.

Plea 3 sets up that at the time of the wrongs complained of plaintiff was indebted in a large amount to defendant, to wit, $400, which was secured by a mortgage conveying substantially all of the property described in the complaint; that plaintiff became a fugitive from justice, and abandoned said property, and such possession and control as was exercised over said property was for the benefit and protection of defendant, and was authorized under and by the terms of said mortgage, which said mortgage was executed to defendant by plaintiff, and is made an exhibit hereto.

J. C. MILNER, J. M. CHILTON, and JOHN V. SMITH, for appellant. While trover and trespass may be joined in the same suit under section 5329, of the Code of 1907, it cannot be joined in the same count, nor can trespass and case be so joined; hence, it is apparent that the demurrer to this count should have been sustained.—*So. Ry. v. McIntyre,* 152 Ala. 223. The fact that the complaint was amended by the addition of distinct counts did not require that the overruled demurrers to the original count should have been reinterposed in order for this court to review the original ruling.—*B. R. L. & P. Co. v. Fox,* 174 Ala.657. The fact that the mortgage was to remain in effect until Duke had completed his contract, and a final settlement had been made, was admissible on the question of damages, although it might not have had the effect to extend the security of the satisfied mortgage.—*Hill v. Nelms,* 86 Ala. 447. The other evidence offered, and which the court excluded was admissible on the question of damages as certainly defendant could not be held liable under the circumstances of this case for anything more than actual damages.—*Trammel v. Ramage,* 97 Ala. 66. The court erred in refusing to give charge G.—*Stuart*

*v. Tucker,* 106 Ala. 319; *Wilkerson v. King,* 81 Ala. 156; *Prestwood v. McGowan,* 148 Ala. 475. Charges L, I, M, O, and P should have been given, as no basis was shown for the assessment of punitive damages.—*Sellers' Case,* 93 Ala. 9; *Frazer's Case,* 93 Ala. 45; *Wilkerson v. Searcy,* 76 Ala. 176. Charge K should have been given.—*Ervin v. Blount,* 20 Ala. 694; *Boutwell v. Parker,* 124 Ala. 341.

HARSH, BEDDOW & FITTS and WALTER NESMITH, for appellee. The omission to reinterpose the demurrers after the complaint was amended was tantamount to a waiver or relinquishment of them.—*L. & N. v. Wood,* 105 Ala. 561; *C. of Ga. v. Ashley,* 160 Ala. 582; *W. U. T. Co. v. Crawford,* 110 Ala. 460. As amended the third count was clearly not subject to the demurrer.—*Lookout Mountain Co. v. Lea,* 144 Ala. 169; *Joseph v. Henderson,* 95 Ala. 213; *City of Jasper v. Barton,* 56 South. 43. The court was not in error in sustaining demurrers to the plea.—*W. U. T. Co. v. Dickens,* 148 Ala. 480. Whether or not Duke was a fugitive from justice, was immaterial and calculated to prejudice his case.—*Gray v. State,* 160 Ala. 107; Jones on Evidence, sec. The fact that there was a logging contract between plaintiff and defendant, and that defendant took the property and used it in carrying out the contract was in no sense admissible.—*L. & N. v. Perkins,* 165 Ala. 471; *Layton v. Campbell,* 155 Ala. 220; *Ray v. Jackson,* 90 Ala. 515; *Thompson v. Mawhinney,* 17 Ala. 362; *Abney v. Kingsland,* 10 Ala. 355. The fact that there was a chattel mortgage and as to the credits and the condition of the accounts between the parties, was a mere collateral matter.—*M. & W. P. R. R. Co. v. Edmonds,* 41 Ala. 666; *Swan, et al. v. Kidd,* 78 Ala. 173. The affirmative charge was properly de-

[Interstate L. Co. v. Duke.]

nied.—*Herndon v. Bartlett,* 4 Port. 481; *Milner v. Milner,* 101 Ala. 599; *Brown v. Floyd,* 163 Ala. 317; 12 Am. St. Rep. 332. It is not necessary for plaintiff to show that the acts done were done with wrongful intent.—Authorities supra. The assertion that the property was delivered by an agent of plaintiff is of no avail. unless it be further shown that the agent had such authority, or that with knowledge of the facts defendant ratified his acts.—*Gillam v. S. & N.,* 70 Ala. 268. The court properly refused the charges requested by defendant, as they went only to the question of damages, which under the evidence in this case was a matter for the jury to determine.—*Brown v. Floyd, supra; Milner v. Milner, supra; E. T. V. & G. v. Lockhart,* 79 Ala. 315; *Bir. W. W. Co. v. Keiley,* 2 Ala. App. 630.

McCLELLAN, J.—Appellee instituted this action against the appellant. The substance of the wrong complained of was the taking and appropriation of, and entry upon, plaintiff's properties by the defendant's agents or servants. This action was sought to be *justified* under a mortgage executed by plaintiff and assigned to defendant; its contention being predicated of the alleged abandonment by plaintiff of the properties in question in consequence of his becoming a fugitive from justice.

The court erred in overruling the demurrer to count 3 as amended. It undertook, improperly, to join in one count. *trespass* and *case.*—*City Delivery Co. v. Henry,* 139 Ala. 161, 34 South. 389; *Sou. Ry. Co. v. McIntyre,* 152 Ala. 223, 44 South. 624. In the record proper a demurrer appears as addressed to amended count 3 and the judgment entry shows a ruling thereon adverse to demurrant (appellant). The fact that the judgment entry bears at its head the date "August

28, 1911," whereas the demurrer was filed the next calendar day, does not necessarily require the conclusion that the demurrer was filed *after* verdict or judgment. From the whole record proper it must be concluded that August 28, 1911, was the day and date on which the trial was begun, and that it was not completed to verdict *before* the amendment of count 3 was seasonably effected and the demurrer thereto presented and disposed of by the court.

The further amendment of the *complaint* by adding *distinct counts,* from amended count, to which the indicated demurrer was overruled, did not oblige the demurrant, in order to save for review the questions now under view, to reinterpose his demurrer to amended count 3.—*B. R. L. & P. Co. v. Fox,* 174 Ala. 657, 56 South. 1013.

If plea 5 should be interpreted as intending to assert as a bar to the action the alleged fact that plaintiff's agent and custodian of the property in question voluntarily surrendered the possession to the agent or servants of defendant, the plea was faulty, as the demurrer pointed out, in omitting to aver the authority of plaintiff's agent to so dispose of that possession, or that such alleged action on his (agent's) part in so disposing of the possession was later ratified by plaintiff after being fully informed in the premises. If such was not the general purpose of the pleader in this plea (5), its substance could not have any legal effect to bar a recovery, though the admissible facts asserted therein may have been proper subjects for the jury's consideration in determining the measure of the recovery, if they found plaintiff was entitled to recover.

The existence of a contract to render a service for another, which service requires the employment of property in its performance, can never *justify* the unauthor-

ized appropriation or injury, by him to be served under the contract, of the property of him who has engaged to render that service.

Under the issues tendered by plea 3 as amended, and upon which there was joinder in issue, it was error to deny defendant the opportunity to show, if it could, particularly by questions propounded to plaintiff on his examination, that plaintiff was a fugitive from justice as the pleas averred.

The defendant sought to adduce evidence tending to show that it in good faith assumed dominion of the oxen and wagons of plaintiff, and so appropriated them to the carrying out of plaintiff's existing *logging contract* with it, carefully caring for his property, and keeping a correct account in the premises.

The court entertained the opinion, and enforced it in rulings, that this proffered testimony was entirely inadmissible. While such testimony was not to be at all considered as *justifying* the unauthorized invasion of plaintiff's rights of property, yet it was pertinent and admissible upon the inquiries, whether exemplary damages should be awarded plaintiff, and, if so, in what sum.—13 Ency Ev. pp. 44-46; *Boggan v. Bennett,* 102 Ala. 400, 14 South. 742; *Boling v. Wright,* 16 Ala. 664; *Burns v. Campbell,* 71 Ala. 271. A number of instances of error in this connection occurred on the examination of the witness McCullough.

Accordingly, also, the defendant was entitled, as bearing upon the measure of the recovery, to have admitted to the jury a full disclosure of the nature and terms of the *logging contract* existing between plaintiff and defendant of what, if so, the defendant did *in good faith* thereunder, and of what, if so, the defendant did in the repair of the wagons thus used by it.

Whether the mortgage under which defendant sought, in amended plea 3, to *justify* the taking of the property of plaintiff had been satisfied before the assumption of possession by defendant of the property described therein appears to have been, under all the evidence, a question for the jury. If that mortgage was so satisfied, the *verbal* agreement (if made) by plaintiff that it should continue as an indemnity or security to defendant did not avail to constitute or continue the instrument such a mortgage as may be recognized in a court of law.—Code, § 4288; *Barnhill v. Howard,* 104 Ala. 412, 16 South. 1; *Williams v. Davis,* 154 Ala. 422, 45 South. 908; *Putnam v. Summerlin,* 168 Ala. 390, 53 South. 101.

Nevertheless, testimony tending to show such a verbal agreement with respect to the instrument's future effect, even if in fact satisfied before the taking by defendant of the property in question, was admissible as bearing upon the issue involved in the measure of the recovery the jury should approve if they found exemplary damages were due to be awarded.—*Boling v. Wright, supra.*

Manifestly, the defendant was not entitled to the affirmative charges requested by it except as to count 7, and that because of the failure of the evidence to identify the dwelling entered and possessed (if so) according to the particular description thereof incorporated in that count. There is no disputing the fact, on the evidence here, that agents or servants of the defendant took possession of chattels belonging to plaintiff. It was at least open to the jury to find that this taking was under authority or by direction of the defendant, and without *authorized* permission of plaintiff's agent, Payne, in whose custody he left the chattels. But, if that was not the conclusion to which the jury could give

approval, the evidence is conclusive that the act of the defendant's servants or agents in taking and using the chattels they did take was subsequently ratified by the defendant.—*Burns v. Campbell,* 71 Ala. 289, 290.

Whether the plaintiff, if found due to recover, was entitled to exemplary damages was a question for the jury. It is not desirable, in view of the retrial to occur, that a discussion of the evidence in this connection should be undertaken.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and SAYRE and SOMERVILLE, JJ. concur.