# Dickey v. Vaughn.

### Detinue.

(Decided December 7, 1916.   73 South. 507.)

1. **Estoppel; Pleading.**—To be available as a defense estoppel by conduct must be specially pleaded.

2. **Mortgages; Verbal Agreement; Validity.**—An oral agreement for the exchange of cows whereby one of the parties was to receive cash "boot," the same to be a lien on the cow traded was an attempt to create a verbal mortgage and void under § 4288, Code 1907.

3. **Detinue; Title of Plaintiff.**—Where A and B traded cows under an agreement that A was to pay $5.00 "boot" money which was to be a lien on the cow until paid the purchase by D of B's interest in the cow did not give D any right or title to the cow as B's successor as a mortgagee that would sustain an action of detinue.

4. **Contracts; Modification.**—Parties may change or modify their contract by mutual agreement without any new consideration therefor.

5. **Husband and Wife; Property.**—An authorized, unratified act or agreement of a husband with respect to the personal property of the wife is without effect to deprive her of her property.

6. **Evidence; Ownership of Property.**—Ownership of personal property is a fact to which a witness may testify.

7. **Appeal and Error; Harmless Error; Evidence.**—Where the action involved the title to a cow and a witness testified that his wife bought the first

[Dickey v. Vaughn.]

cow from Joe Brown it was not prejudicial error for the court to exclude on cross-examination a question to the witness if the first cow was not bought from Silas Brown, since such question would only have served to require the witness to reiterate what he had already said.

8. **Same.**—Where plaintiff claimed the cow by purchase in consideration of a debt owed him it was not prejudicial to exclude testimony as to whether a witness knew if plaintiff had received payment of the debt by delivery of cotton as there was no suggestion that the witness knew that fact.

9. **Detinue; Evidence.**—Where plaintiff claimed title to the cow by purchase from H and defendant claimed title by purchase from Mrs. H. the wife, and defendant offered evidence to show that Mrs. H. bought the first cow from J. B. and that this cow was the chief consideration for the sale by J. B. of the cow in suit to Mrs. H., it was error to exclude evidence tending to show the first cow was in fact sold to H. by S. B. as such evidence would tend to sustain plaintiff's title derived from H.

APPEAL from Madison Circuit Court.

Heard before Hon. R. C. BRICKELL.

Detinue by Newton J. Dickey against John Vaughn for a cow. Judgment for the defendant and plaintiff appeals. Reversed and remanded.

Transferred from the Court of Appeals under Acts 1911, p. 450.

DAVID A. GRAYSON and M. U. GRIFFIN, for appellant. TURNEY PETTY, for appellee.

McCLELLAN, J.—This is an action of detinue, brought by the appellant against the appellee. The property in question is "one red cow known as 'Brown cow.'" The plaintiff asserted his right to the cow through his purchase thereof from A. J. Holcomb, who, the plaintiff insists, secured the title to the cow from Joseph Brown by trading another cow and agreeing to give and later pay "five dollars boot;" the cow to stand for the money until it was paid. The defense was that the cow in suit belonged to Mrs. Holcomb from whom the defendant Vaughn bought the cow; she having secured the title to the cow from Joseph Brown by trading to him another cow previously bought by her from Joseph Brown. As appears, the issue between the parties involved these inquiries: Whether A. J. Holcomb or Mrs. Holcomb owned the cow; whether the purchase of the cow from Brown effected to invest A. J. Holcomb or Mrs. Holcomb with the title thereto; whether Brown, if he sold to A. J. Holcomb, legally retained the title to the cow, so that when (if so) plaintiff paid the $5 he succeeded to a title retained by Brown.

[Dickey v. Vaughn.]

(1-3)  There is an insistence for the plaintiff (appellant) that Mrs. Holcomb estopped herself to question plaintiff's right or title to the cow by standing by and acquiescing in his purchase of the cow from A. J. Holcomb.  No estoppel of any kind being specially pleaded, all insistence upon that as a reason to silence her claim is vain.—*Blair v. Williams*, 159 Ala. 655, 659, 661, 49 South. 71.  This consideration excludes any possible reversible error in the rulings on evidence and in charges which pertain to the matter of estoppel.  Under the original contract between Brown and A. J. Holcomb, as asserted by the plaintiff, the possession of the cow was delivered to A. J. Holcomb, with the agreement that the cow should stand good for the "boot."  If this agreement was made, its effect was to attempt to create a verbal mortgage on the cow; and was void under the statute.—Code, § 4288; *Barnhill v. Howard*, 104 Ala. 412, 417, 16 South. 1; *Williams v. Davis*, 154 Ala. 422, 424, 45 South. 908; *Inter. Lumber Co. v. Duke*, 183 Ala. 484, 492, 62 South. 845.  See *Putnam v. Summerlin*, 168 Ala. 390, 396, 53 South. 101.  Though the plaintiff paid Brown what the plaintiff asserts A. J. Holcomb owed Brown for the cow, or though the plaintiff succeeded to Brown's alleged rights in the cow under Brown's asserted agreement with A. J. Holcomb that the cow should stand for the money (if, in fact, Brown sold the cow to A. J. Holcomb, rather than to Mrs. Holcomb), the plaintiff did not acquire from Brown any such right or title to the cow as would be available to plaintiff, as Brown's successor in right as a mortgagee, in an action of detinue.

(4)  It appears from the testimony of Brown that A. J. Holcomb was indebted to the plaintiff, and that Holcomb told Brown that, unless he (Holcomb) had something to show that the cow still belonged to him (Brown), Mr. Dickey (plaintiff) would take the cow.  In response to this suggestion of A. J. Holcomb, Brown testified that he had his son write out this:  "This is to certify that I agree to let Mr. Holcomb keep the cow during the milking season of the calf."

The court, at the instance of the defendant, excluded this further statement of the witness Brown:  "He (A. J. Holcomb) afterwards came back and asked for the paper to show that the cow belonged to me (Brown) until the boot was paid."

Parties may, by mutual agreement, change or modify their contracts without any new consideration therefor.—*Wellden v. Witt*, 145 Ala. 605, 616, 40 South. 126.  Had the plaintiff offered

to prove that Brown and A. J. Holcomb in good faith changed, by mutual agreement, their original contract of sale to one of conditional sale, as the last quoted statement would seem to indicate was the proposal, it is probable prejudicial error would have been committed. However, no such offer was made. For aught that appears in that connection, there was but a proposal or request which was never made the basis of an agreement between Brown and A. J. Holcomb, even if it should be assumed that the proposal of Holcomb and Brown, or either, was not a fraudulent design to cover up what otherwise was a sale, in part on a credit. The alleged purchase by plaintiff of Brown's claim for $5 against A. J. Holcomb, as the balance of the purchase price of the cow, did not of itself serve to invest plaintiff with any right to the cow. It was not shown that the asserted transaction between Brown and A. J. Holcomb constituted a conditional sale, with Brown retaining the title until the full purchase price was paid.

(5) It is obvious that what was done with the calf of the cow in suit was wholly immaterial to the issues involved as we have stated them. If the cow was the property of Mrs. Holcomb, and not the property of A. J. Holcomb, any unauthorized, unratified act or agreement of A. J. Holcomb with respect to this cow was without any effect to deprive Mrs. Holcomb of her property.

(6) There was no error in permitting the witness to testify as to the ownership of the cow.—*Steiner v. Tranum,* 98 Ala. 315, 318, 13 South. 365; *Daffron v. Crump,* 69 Ala. 77.

(7) The witness A. J. Holcomb having just testified that his wife bought the first cow from Joe Brown, there was no prejudicial error in excluding this question, propounded to that witness by counsel for plaintiff, inquiring of him if "they didn't buy the first cow from Silas Brown." Unless it is assumed, without any apparent or suggested reason therefor, that the witness would at once belie his just made statement that the first cow was bought from Joe Brown, the question excluded would have only served to require the witness to reiterate what he had already stated.

(8) Whether plaintiff or his agent, Abbott, both of whom were in the court, got the bale of cotton Holcomb testified he left at the gin to pay his fertilizer debt to plaintiff which was received by plaintiff or his agent, was necessarily fully known

[Dickey v. Vaughn.]

to them. The inquiry of Holcomb if he knew whether they got that bale was idle. Its exclusion was without prejudice to the plaintiff; certainly so when it was not suggested even that Holcomb knew the fact they must have known, if it was a fact.

(9) In rebuttal plaintiff introduced Silas Brown as a witness, and made this statement to the court: "I want to prove by this witness that he sold the first cow in this transaction to Mr. Holcomb."

Defendant's counsel objected, generally. The court sustained the objection, and plaintiff excepted. The defendant had offered evidence tending to show that the "first cow" was bought by Mrs. Holcomb from Joe Brown, and that this cow was the chief consideration for the sale by Joe Brown of the cow in suit to Mrs. Holcomb. Our opinion is that the court erred in refusing to allow the plaintiff to show by Silas Brown that he sold the "first cow" to A. J. Holcomb. If the "first cow" was purchased from Silas Brown by A. J. Holcomb, instead of by Mrs. Holcomb from Joe Brown, that fact would immediately tend to refute the defendant's theory that Mrs. Holcomb, through whom the defendant would trace his right to the cow in suit, was the owner of the cow in suit.

We do not appreciate the suggestion that the defendant was due to be protected as a bona fide purchaser for value without notice. His only claim is that he bought the cow from Mrs. Holcomb, not from A. J. Holcomb. The Holcombs were husband and wife, living together. The possession of the cow in suit was to be referred at that time, in the absence of contradicting evidence, to its ownership. If the cow was the property of A. J. Holcomb, its purchase by the defendant was wholly vain. If the cow was the property of Mrs. Holcomb, the defendant acquired the title thereto, unless she previously allowed the cow to be bargained away to pay her husband's debt to plaintiff, or unless she, previous to the sale to defendant, estopped herself, by her conduct, from denying the bargaining of the cow to plaintiff by her husband, or unless she authorized or ratified the sale of the cow by the husband to the plaintiff to discharge, and in discharge of, the husband's debt to the plaintiff.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.