## Charles Byram and another v. Henry Gordon and another.

It is not necessary to the validity of a chattel mortgage, as to third persons, that it be for the payment of any certain sum of money, or for any money whatever. It may be for the performance of any other act, or of any contract, by the mortgagor, or by a third person, as well as for the payment of money.

When no time is specified for the performance of such act or contract in the agreement itself, the omission does not vitiate the contract, but the law steps in and requires performance within a reasonable time.

B Y R A M   *v.*   G O R D O N.

Where a chattel mortgage is given to secure the performance of a written agree-
ment, the latter is no part of the mortgage, and does not require to be filed
with it in order to render the mortgage operative against third persons.

*Submitted on briefs, July 11th. Decided October 14th.*

Error to Wayne Circuit. The case is fully stated in
the opinion.

· *T. W. Lockwood,* for plaintiff in error:

The agreement between Hillson & Lee and Gordon &
Martin was incompetent as evidence as against the plain-
tiffs in error; because,

1. It did not *by itself* tend to show Gordon & Mar-
tin's title to the lumber; as it is an agreement by them
to *part* with the title to the logs; nor,

2. Does it, in fact, even if reference to it is permis-
sible as against strangers to it, show what sum of money
was intended to be secured by the chattel mortgage.

3. As the chattel mortgage was not, in any respect,
notice to the plaintiffs in error unless filed in the City
Clerk's office, so this agreement can not be treated as a
part of it, or used to make it valid as against plaintiffs
in error, the agreement not having been filed with it:—
*Sawyer v. Pennell,* 19 *Me.* 167.

The chattel mortgage was not competent evidence of
the title of Gordon & Martin to the lumber in question,
as against plaintiffs in error, who where *bona fide* purcha-
sers for value, and without actual notice of their claim,
because of the uncertainty of its terms.

1. The amount intended to be secured by it was
altogether uncertain, and the filing of the mortgage is not
notice to plaintiffs in error of what the claim of Gordon
& Martin against the property was. Neither does the
agreement help it out in this respect, even if Byram &
Carpenter had notice of it, which they had not:—19 *Me.*
167; *Hinchman v. Town,* 10 *Mich.* 514.

2. The time of performance of the condition of the

mortgage is also altogether uncertain. It is $80 per week during the delivery of the logs; and when the logs are to be delivered does not appear either in the mortgage or in the contract.

3. The property covered by the chattel mortgage becomes also uncertain, by reason of the uncertainty in the condition as to time of payment, as the mortgage professes to cover the property which shall be in Hillson & Lee's yard and boom, during the continuance of the mortgage, and there is nothing to show how long this is to be.

*Morrow & Davidson,* for defendants in error.

MANNING J.:

This is an action of trover, brought by defendants in error for a quantity of lumber. To make out their title to the lumber they gave in evidence a chattel mortgage from Lee & Hillson, and also an agreement between themselves and Lee & Hillson for a sale by them to Lee & Hillson of a quantity of logs. This evidence was excepted to, and the case is before us on the exceptions.

The agreement bears date 30th June, 1860. By it defendants in error were "to go on and deliver all the whitewood, oak, maple, ash and black walnut logs, belonging to them and now (then) in Lake St. Clair," at the mill and boom of Lee & Hillson in Hamtramck. And Lee and Hillson were to pay them $100 on the execution of the agreement, which sum the agreement states with previous payments would make $350 paid by them on account of logs delivered, and they were to pay $80 per week until full payment should be made for all logs delivered or which should be delivered under the contract. The logs to be paid for at the following rates: maple logs at the rate of five dollars per thousand feet, and other logs at the rate of five dollars and seventy-five cents per thousand feet.

The mortgage bears even date with the contract, and

by it Lee & Hillson bargain and sell to defendants in error "all the logs, lumber, stock and materials of any and every kind, now in, or which during the continuance of this mortgage shall be in the boom and mill yard of the said parties of the first part during the performance of the conditions hereinafter stated, and especially all the logs, and the lumber made of said logs, which have been or shall be delivered by the parties of the second part to the parties of the first part," &c. "It being the object of the parties of the first part to secure to the parties of the second part the payment of the logs delivered and to be hereafter delivered to them by the parties of the second part under an agreement already existing between them." Conditioned "that if the said parties of the first part shall and do well and truly pay or cause to be paid, to the parties of the second part, the sum of $80 per week during the time of the delivery of logs to them by the parties of the second part, and until all logs delivered or to be delivered under said agreement shall be paid for at the following rates; maple logs at the rate of $5 per thousand feet, and all other logs at the rate of $5.75 per thousand feet, then these presents and any matter therein mentioned shall cease and be null and void."

The uncertainty of the mortgage in not stating the sum of money secured by it, and the time within which it is to be paid, and the fact that a copy of the agreement was not filed with the mortgage, are the objections to the evidence.

It is not necessary to the validity of a mortgage as to third persons, that it should be for the payment of any certain sum of money, or of any money whatever. It may be for the performance of any other act, or of any contract by the mortgagor, or by a third person, as well as for the payment of money. And when no time is specified for the performance of such act or contract in the agreement itself, the law steps in and requires it to be performed within a

reasonable time. Such omission does not vitiate the con-tract.

The agreement is no part of the mortgage. The two instruments are separate and distinct contracts; as much so as a promissory note and mortgage. It was necessary to prove the agreement to give effect to the mortgage, but there is nothing in the statute requiring a copy of it to be filed with the mortgage to render the later operative against third persons.

The judgment is affirmed, with costs.

The other Justices concurred.