## Shelburne *et al. v.* Letsinger.

### *Bill to foreclose Equitable Mortgage.*

1. *Equitable mortgage; how created and enforced.* — An equitable mortgage of personalty, enforcible in a court of chancery, may be created by verbal agreement.

2. *Same ; proof necessary to establish.* — The party seeking to establish such a trust must prove its existence by clear and convincing proof. Casual and indefinite expressions will not suffice. The evidence in this case held insufficient to establish such a mortgage.

APPEAL from Chancery Court of Lawrence.
Heard before Hon. WILLIAM SKINNER.
The point decided sufficiently appears from the opinion.

WILLIAM COOPER, for appellant, analyzed the testimony, contending that it was vague and uncertain and did not authorize the decree. He cited numerous authorities to the effect that the proof must be most convincing to authorize a court to set up and enforce such an agreement ; among them the following : 20 Ala. 753 ; 18 Ala. 353 ; 21 Ala. 103 ; Story's Equity, § 764 ; Bullard & Tiffany on Trusts, 15 ; Washburn Real Estate, 91.

WATTS & WATTS, *contra.*

JUDGE, J.—The bill in this case was filed by the appellee to foreclose an equitable mortgage on personal property claimed to have been created by a verbal agreement made between the complainant and Thomas R. Shelburne in his lifetime. The chancellor decreed the relief prayed and ordered a sale of the property.

It is well settled that an equitable mortgage of personal property may be created by a verbal agreement ; and that such an agreement, when made on a valuable consideration, will be enforced in a court of equity. *Morrow* v. *Turney's Adm'r*, 35 Ala. 131 ; *Brooks* v. *Ruff*, 37 Ala. 371.

And it is equally as well settled that to establish such a trust, the evidence must be clear and convincing. Casual or indefinite expressions are insufficient for such a purpose. Tiffany on Trusts, 15 ; Adams's Equity, 157 ; *Aday* v. *Echols's Adm'r*, 18 Ala. 353 ; *Hattan* v. *Lundman*, 28 Ala. 127.

In looking at the testimony relied upon by complainant to make out his case, we find that he proved by one witness the declarations of Shelburne, that he had obtained money from the complainant " by giving up everything he possessed ;" that he would "belong to the complainant that year ;" and that " everything he owned belonged to the complainant, unless he should pay him the money he had borrowed from him." Complainant also proved by another witness that Shelburne told the witness that he had " pledged to the complainant everything he had to get money to purchase supplies to run him another year ;" and another witness still testified that Shelburne told him that he, Shelburne, would " belong to the complainant," until the money he had borrowed from him was paid. These and other declarations of Shelburne made in connection therewith, but which do not add materially to the strength of complainant's case, constitute the principal evidence on which complainant relies to prove his mortgage.

The defendants introduced the testimony of several witnesses who testified to the declarations of the complainant, made at different times, to the effect that he had taken no lien or mortgage from Shelburne to secure his debt.

Thus it will be seen the testimony is conflicting ; but independent of such conflict, that of the complainant is very imperfect and unsatisfactory. No witness testifies to the distinct existence of a contract or agreement between the parties, giving a lien or mortgage on any specific property of Shelburne in favor of the complainant, although the evidence shows that several persons, other than the alleged contracting parties, were present, or near by, when the alleged agreement was made. It is reasonable to suppose that if such an agreement had been made, some person would have been called upon to witness it. As it is, the whole testimony on this subject rests upon vague declarations made in casual conversations.

Our conclusion is, that the decree of the chancellor must be reversed, and the bill dismissed. The appellee must pay the costs of this court and of the court below.