# Williams *v.* Davis.

*Bill to Specifically Enforce Verbal Agreement to Execute Mortgage.*

(Decided Feb. 15th, 1908.    45 So. Rep. 908.)

1. *Chattel Mortgages; Equitable Mortgage; Agreement to Execute.* —Since the adoption of Act of Jan. 22, 1885 (Acts 1884-5, p. 93), carried into the Code of 1896 as Section 2151, an equitable mortgage cannot be created by verbal agreement on personal property, and hence a verbal agreement to execute a mortgage on personal property cannot be enforced.

2. *Mortgages; Contract.*—If the notes agreed to be executed, but which were not executed, could be construed, if they had been executed, into a conveyance of realty, they were, at most, as to the realty referred to, but verbal agreements to mortgage, occupying no higher position than an oral agreement to mortgage personal property, and hence not enforceable because not in writing and signed by the mortgagor.

3. *Same; Definition of Mortgage.*—A mortgage may be defined to be a conveyance or transfer of property, real, personal or mixed, as a security for a debt, or in discharge of some obligation.

APPEAL from Houston Chancery Court.

Heard before Hon. W. L. PARKS.

Bill by W. H. Williams against J. W. Davis. From a decree for defendant, complainant appeals. Affirmed.

W. H. Williams filed his bill against J. W. Davis for a specific performance of a contract verbal to execute a mortgage. The allegations made by the bill are that Davis' wife was sick and that Williams was called in to see her; that after an examination he informed Davis that an operation was necessary, whereupon Davis inquired the amount of the fee for operating, and, upon being told that it would be $125, Davis replied that he did not have the money, but that if Williams would perform the operation he would execute two mortgage notes, the one payable October 1, 1906, for $50, with in-

terest, and the other payable in 1907, for $75, with interest; that Williams procured two notes and filled them out and handed them to Davis to be executed. Copies of these notes are set out in the bill and contain a clause conveying all the crops grown by Davis during the years 1906, 1907, and 1908, together with a waiver of exemptions and an agreement to pay attorney's fees in case of collection by suit. It is alleged that when the notes were handed to Davis, which was done before the operation was performed, Davis read them and replied: "They are all right, and I will execute them as soon as I can procure pen and ink, as there is none in the house." Davis then said to Williams; "Go ahead with the operation, and as soon as I get hold of pen and ink I will sign the notes and send them to you." It is alleged that Williams performed the operation on the strength of this representation, and, although he has often demanded of Davis the execution and delivery to him of the mortgage notes, Davis declines to execute and deliver the same to him. The prayer is for a specific performance of the contract, and that said mortgage notes be made effective according to the intention of the parties, and that they be declared to operate as a lien or mortgage on the property therein mentioned. Motion was made to dismiss the bill for want of equity, which motion was sustained; and from this decree this appeal is prosecuted.

C. E. HARMON, for appellant. Under the facts made by this case the court of equity will relieve against the fraud notwithstanding the provisions of the statute of frauds.—26 A. & E. Ency. of Law, p. 52; Id. p. 61; Pom. Eq. Jur. sec. 1403-4 and 9; *Farmer v. Sellers*, 127 Ala. 315; *Kent v. Dean*, 30 South. 543; *Manning v. Pippin*, 86 Ala. 357; *Moore v. Crawford*, 130 U. S. 122.

ESPY & FARMER, for appellee. No brief came to the Reporter.

HARALSON, J.—It seems that prior to the act of January 22, 1885 (Acts 1885, p. 93), carried into Code 1896 as section 2151, an equitable mortgage of personal property might be created by a verbal agreement.—*Shelburne v. Letsinger,* 52 Ala. 96.

The Act of 1885, referred to, changed this rule. It provided, that hereafter, "all mortgages on personal property hereafter taken shall be invalid, unless in writing and subscribed by the mortgagor."—*Barnhill v. Howard,* 104 Ala. 412, 16 South. 1.

The facts of the case, as alleged in the bill, show that no mortgage was ever executed by the defendant. The most that can be said is, that the defendant verbally agreed to execute the papers sought to be enforced. The prayer of the bill is, that defendant, Davis, "be required to execute and deliver to complainant said mortgage notes as originally agreed upon. And if respondent fails to sign said mortgage notes, may your honor order, adjudge and decree that the contract as set forth in said mortgage notes shall be as binding upon respondent as if he had signed them at the time and on the date agreed upon; and that complainant have the same rights and remedies for the collection of said mortgage notes, or for the enforcement of said liens in said mortgage notes in a court of law as if the respondent had personally signed the same."

It is not conceivable that the transaction between the complainant and the respondent amounted to anything more than a verbal agreement to make a mortgage, void in law and in equity. An agreement not in writing, to make a mortgage, is at most, in equity, a verbal mortgage.

In the unsigned notes set out as a foundation for the suit, it is recited what was intended, if the notes were executed, a waiver of homestead and other exemptions,

[Martin v. Clarke, et al.]

"including realty we now have or may hereafter possess." If this could by any means be construed, if the notes had been executed, as a conveyance of the realty, yet the notes not having been signed, it was, as to the realty referred to, if the defendant had any, only a verbal agreement to mortgage; occupying no higher position than a verbal agreement to give a mortgage on personal property.—*Brown v. Van Winkle Co.,* 141 Ala. 580, 39 South. 245, 6 L. R. A. (N. S.) 585. It was not a conveyance of real estate. A mortgage is defined to be "a conveyance or transfer of property, either real or personal, as security to pay a debt or in discharge of some other obligation."—20 Am. & Eng. Ency. Law (2d Ed.) 897, 900; *Mervine v. White,* 50 Ala. 389.

We find no error in the decree below, and it is affirmed.

Affirmed.

ANDERSON, DENSON and MCCLELLAN, JJ., concur.