# Tatum v. Tatum.

## Ejectment.

(Decided January 21, 1915.   67 South.  977.)

1. *Husband and Wife; Conveyance of Land; Validity.*—In an action in ejectment to recover land conveyed by a husband, the plaintiff, to the wife, the defendant, when she was his wife, evidence as to whether the lands ·were plaintiff's homestead at the time of such conveyance, was immaterial, since the conveyance operated to vest a legal title in defendant regardless of whether the lands constituted the husband's homestead.

2. *Same.*—Where a husband conveys the legal title to his homestead to his wife by a deed in which the wife does not join, he cannot thereafter recover from her in ejectment, although the lands are still impressed with a homestead right.

APPEAL from Autauga Circuit Court.

Heard before Hon. W. W. PEARSON.

Ejectment by P. J. Tatum against M. F. Tatum, his former wife.  Judgment for defendant and plaintiff appeals.  Affirmed.

. W. A. GUNTER, and C. E. O. TIMMERMAN, for appellant.

EUGENE BALLARD, for appellee.

MAYFIELD, J.—Appellant sued appellee in ejectment to recover 120 acres of land.

The facts necessary to a discussion of the questions are few, and are as follows:

"The plaintiff introduced evidence showing that the title to the property in question had passed out of the United States very many years ago—more than 20 years ago—and that the land in 1880, or prior thereto, belonged to one Scott, who died intestate, leaving five children as heirs; that the defendant was one of these children

and inherited a one-fifth interest; that the plaintiff bought the interest of the other heirs, and married the defendant and lived on the place as his homestead for many years, that is, more than 20 years prior to 1900, and his family, consisting of the defendant, as his wife, and their children, lived on the place with him. It appeared in evidence that the plaintiff was sent to the penitentiary for homicide about 1903 or 1904, and remained there 6 years, and then returned and went back to his homestead, where his family continued to live; that a short time after the plaintiff's return the defendant abandoned the plaintiff and refused to allow him to remain on the place, and that the plaintiff some 2 years ago sued and obtained a divorce from the defendant a vinculo matrimonii; that prior to the date when plaintiff was sent to the penitentiary he sold and conveyed the said property to his wife, but the said wife did not in any manner join in said deed.

"The plaintiff offered to prove by competent witnesses that the value of the land in question at the time of said conveyance to his wife, the defendant, was less than $2,000, but the court, on objection of the defendant, refused to allow such proof to be made, and the plaintiff excepted.

"The court held that the plaintiff must recover in the case upon the strength of his legal title, and that, as the plaintiff conveyed the land to his wife, although she did not in any manner join in the deed, it passed the legal title, and the question of homestead could not be raised, and the plaintiff could not recover after having made such a deed to his wife, and refused to allow the plaintiff to prove the value of the land at the time of the execution of the deed to his wife and that it was his homestead. The plaintiff excepted to this ruling of the court.

[Tatum v. Tatum.]

"The divorce was obtained from the defendant by the plaintiff 2 or 3 years before this trial. The deed made to the wife on the 18th day of March, 1893, was introduced in evidence, and it appeared that the wife did not in any manner join therein, and the plaintiff proved that at the time of the making of said deed he was living on said land with his wife and family, and the plaintiff proved on cross-examination, by defendant, that he had purchased the interest of the heirs in the said land, except his wife, and had lived on the land for more than 20 years prior to his divorce.

"On account of these adverse rulings of the court, the plaintiff took a nonsuit with a bill of exceptions."

We fully agree with the circuit judge in his rulings, and must affirm the judgment of the lower court. We cannot agree with counsel for appellant that the trial court disregarded the former decisions of this court in the case of *Turner v. Bernheimer*, 95 Ala. 241, 10 South. 750, 36 Am. St. Rep. 207, and *Wallace v. Feibelman*, 179 Ala. 589, 60 South. 290. We are of the opinion that these two cases fully support the rulings of the trial court to which exceptions were reserved, and which induced the nonsuit.

(1) The conveyance by the husband to the wife of the lands in question passed the legal title if the lands were the homestead of the husband; and also passed the legal title if they were not the homestead. Evidence, therefore, as to whether the lands were or were not the homestead of the husband when he conveyed to his wife was wholly immaterial in this action, in which the legal title must prevail.

(2) The theory of the appellant is that, although the legal title passed to the wife, the lands were still impressed with the homestead rights of the husband; that is, that this right had never been alienated in the only

mode by which the law authorizes an alienation. This may be true, but it does not follow that the husband can recover the lands in ejectment from the wife, who not only had (and now has) a homestead right as well as the husband, but has also the legal title.

The Constitution and statutes as to the alienation of the homestead were intended for the protection of the wife and children, rather than of the husband. While the land, after the conveyance by the husband to the wife, is still impressed with the homestead character, as to which the husband may have rights, the legal title having passed by the conveyance to the wife, the husband cannot thereafter recover the premises from her in an action of ejectment. The case of *Bassett v. Powell*, 178 Ala. 340, 60 South. 88, reviews the authorities, and we find nothing in any of the cases on the subject upon which to predicate error in the trial court's rulings complained of.

The judgment of the trial court is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and GARDNER, JJ., concur.