# Perkinson, et al. v. Gibson.

## Ejectment.

(Decided June 17, 1915. Rehearing denied November 18, 1915.
70 South. 117.)

1. *Evidence; Deeds; Homestead.*—A deed of the husband and wife to a trustee for the separate use of the wife which recited in the certificate of acknowldgment that the lands conveyed were not their homestead, was admissible on the issue whether it was their homestead, although no part of the acknowledgment, and not conclusive as to whether it was their homestead or not.

2. *Appeal and Error; Review.*—Where the bill of exceptions does not contain all the evidence, appellate courts will not review the action of the trial court in directing the jury that the land in suit was a part of the homestead, but will presume that the ruling was proper.

APPEAL from Fayette Circuit Court.

Heard before Hon. BERNARD HARWOOD.

Ejectment by Earl M. Perkinson and others, against W. M. Gibson. Judgment for defendant and plaintiffs appeal. Affirmed.

H. K. WHITE, and R. J. McCLURE, for appellant.

BEASLEY & WRIGHT, for appellee.

MAYFIELD, J.—Appellants, as heirs at law of William Perkinson, sued appellee to recover the lands in question.

It is conceded that William Perkinson had title. All parties claim title through him. Defendant claims title by deeds from William Perkinson and wife to one Anderson, as trustee, for the sole and separate use of the wife, Addie Perkinson, the recited consideration being the settlement of a divorce suit between Perkinson and his wife; a deed from Anderson, as trustee, to the wife,

who had at that time married one Parks; and last, a deed from the wife and husband, Parks, to the defendant. William Perkinson died before the remarriage of his wife, and before the trustee, Anderson, conveyed to the wife. The sole contention of the plaintiffs is that the lands, the subject of the suit, were a part of William Perkinson's homestead, and that the deed from Perkinson and wife to the trustee, Anderson, for the sole and separate use of the wife, did not contain the separate acknowledgment of the wife, and was therefore void. For this reason plaintiffs objected to the introduction of the deed in evidence, and requested the affirmative charge, which was refused; and the trial resulted in a verdict and judgment for the defendant.

(1) There is no merit in either of the assignments insisted upon. In the first place, the deed, in the certificate of acknowledgment recited that the grantors acknowledged or declared that the lands conveyed were not the homestead of the grantors. While this is no part of the acknowledgment, and is not conclusive as to whether or not it was the homestead, in connection with all the other evidence the deed was clearly admissible; and, if the jury found that it was not the homestead, then the deed passed the title to the trustee for the use of the wife, and the plaintiffs could not recover.

It is unnecessary for us to now decide the effect of this deed by the husband and wife to the trustee for the use of the wife, if the land embraced was in fact a part of the homestead, for the reason that the question whether or not the land was a homestead was a question for the jury; and this issue was found against the plaintiffs, and we think properly so.

The effect of deeds, by husband and wife, to the wife, conveying parts of the homestead, was fully discussed in a recent decision of this court, which reviewed the

authorities. See *Tatum v. Tatum*, 191 Ala. 451, 67 South. 977.

Whether there is any difference where the deed is to a trustee for the use of the wife, as in this case, instead of to the wife direct, as in the case above referred to, we need not now decide, for the reason that we are satisfied that no error or injury resulted to the plaintiffs on account of any adverse ruling here complained of, no matter what we might decide as to the effect of the acknowledgment in question.

Finding no error, the judgment appealed from must be affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and Thomas, JJ., concur.

### ON APPLICATION FOR REHEARING.

MAYFIELD, J.—(2) It is true the opinion treats the case as if the jury had voluntarily found for appellee on the question of the land in suit being a part of the homestead, while as a matter of fact the trial court gave the affirmative charge to so find. It was so treated in the opinion because we cannot review the correctness of that instruction on this appeal. The bill of exceptions not purporting to contain all the evidence, we must presume in favor of the ruling of the trial court, and therefore that the instruction was proper.