· [Boyett v. Hahn, et al.]

# Boyett *v.* Hahn, *et al.*

### Bill for Sale of Assets of Corporation.

(Decided November 16, 1916.  73 South. 79.)

1. **Lien; Equity; Enforcement.**—Where the contract of the parties provides no method of enforcing or foreclosing a lien, a court of equity in the exercise of its original jurisdiction may protect and foreclose such lien.

2. **Mortgages; Capital Stock.**—A transfer and assignment by a borrower to a lender as trustee of all the borrower's one-half interest in a corporation, as security for a loan held to be a mortgage on the borrower's stock or interest in the corporation.

3. **Corporation; Interest of Mortgagee; Foreclosure.**—Where a borrower's one-half interest in a corporation had been assigned by him to a lender as security for a loan, the lender had no right to participate in the governmental affairs of a corporation to the exclusion of the borrower, until foreclosure by the lender of such lien on the borrower's interest and stock in the corporation, and purchase by the lender of the same at such foreclosure.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by Mrs. I. E. Boyett against William Hahn and others, to declare complainant the owner of one-half the capital stock of the Plainview Land Company, and for a sale of the assets of said company for a division.  From a decree sustaining demurrer, complainant appeals.  Affirmed.

The original bill alleges:  (1) The parties.  (2) That William Hahn and J. Standish Clark are over 21 years of age, Clark living in Alabama, and Hahn being a nonresident, and that the

Plainview Land Company is a corporation doing business in Birmingham, Ala. (3) That on November 30, 1914, the land company was doing business in Birmingham, Ala., and at said time respondent Hahn was the general manager of said company, and claimed to be the owner of an undivided one-half interest in and to said Plainview Land Company, and Clark claimed to be the owner of the other one-half interest. (4) That on October 17, 1914, Clark and Hahn were desirous of securing money for the purpose of carrying on the business of the Plainview Land Company, and to use in and about said business, and on said date Hahn and Clark signed and swore to a written statement hereto attached, marked Exhibit A and made a part hereof, and that said statement was drawn up in blank so that it could be used by said Hahn for the purpose of borrowing money for respondents, and as such was signed by said Hahn and Clark on November 30, 1914, and said Hahn showed the agent of oratrix said signed and sworn statement, and requested a loan from testatrix in the sum of $500, and relying upon said statement and upon the facts therein set out oratrix loaned said sum to said Plainview Land Company upon a promissory note, and as a further security for said amount said William Hahn on behalf of himself executed to oratrix exhibit hereto attached and marked Exhibit A. (4½) Such amount, with interest of 8 per cent. per annum, is now due your oratrix and is unpaid. (5) Avers the insolvency of Hahn, and that it will be necessary to foreclose such conveyance, marked Exhibit A in order for oratrix to secure her said indebtedness. (6) That Hahn and Clark own all of the capital stock of said Plainview Land Company. (7) Oratrix in equity and good conscience is the owner of one-half undivided interest in and to the assets and capital stock of the Plainview Land Company, and Clark is the owner of the remaining interest, and that the property cannot be divided equitably without a sale thereof.

Exhibit A is as follows:

October 17, 1914. State of Alabama, Jefferson County. Whereas, I, William Hahn, am owner of one-half interest in the Plainview Land Company, with J. Standish Clark, who is the owner of the other one-half interest, I, William Hahn, hereby represent that my interest in net profits amounts to not less than $10,000, according to the prices at which the lots owned by the Plainview Land Company have been sold, and at the listed price of the lots to be sold, and further represent that my or my

[Boyett v. Hahn, et al.]

assigns' interests are not subject to any assessment for selling or otherwise. This expense being paid, and to be paid by J. Standish Clark, which expense and obligations due and to be paid by J. Standish Clark is to be deducted from the gross selling price. In consideration of an indebtedness of $500 due by me to Mrs. I. E. Boyett as trustee, to secure note given November 30, 1914, by the Plainview Land Company, I hereby transfer, set over, and assign to Mrs. I. E. Boyett as trustee all my interest above mentioned, to secure the indebtedness at maturity thereof. This instrument and assignment to be void on the payment of the principal and the interest on the sum hereby secured. [Signed] William Hahn.

Appended thereto is the following:

I, J. Standish Clark, hereby certify that the above is a true and correct statement of the interest and condition of interest due William Hahn, and hereby acknowledge the above assignment and transfer. [Signed] J. Standish Clark.

Both signers acknowledged same before a notary public.

The fifth ground of demurrer thereto is that it affirmatively appears from the bill of complaint that the Plainview Land Company is a corporation, and that said Plainview Land Company has not mortgaged or conveyed any of its property to the complainant, and that no good and sufficient reason appears in the said bill of complaint why the assets of the Plainview Land Company should be sold under the decree of this court. The bill was amended by adding paragraph 3 that William Hahn was the owner of one-half of the capital stock of the Plainview Land Company, and J. Standish Clark the owner of the other half. Further amended by adding that said conveyance marked Exhibit A is in conscience and equity a mortgage on one-half undivided interest in and to said Plainview Land Company, and that there has been a default in said indebtedness thereby secured, and that said mortgage was subject to foreclosure. Further by adding paragraph 8, averring that J. Standish Clark as manager of said Plainview Land Company is preventing oratrix from exercising any acts of control or ownership in said corporation, and is attempting to control said corporate affairs to the exclusion of the oratrix. Also by adding paragraph 9, averring that oratrix has no legal remedy to enforce her right in this case, but that the legal title to said corporate stock and to the one-half interest owned by your oratrix is still in said Hahn and said Clark, and Hahn and Clark are denying all

rights to your oratrix to participate therein, or enjoy the fruits of her said property. The seventh ground of demurrer is practically the same as the fifth above set out.

L. J. COX, for appellant. WILLIAM M. SPENCER, JR., for appellee.

THOMAS, J.— (1) When the contract of the parties provides no method of enforcing or foreclosing a lien, a court of equity in the exercise of its original jurisdiction may protect and foreclose such lien.—1 Pom. Eq. Jur. §§ 165-167; *Averyt Drug Co. v. Ely-Robertson-Barlow Drug Co.*, 194 Ala. 507, 69 South. 931.

(2) Exhibit A is a mortgage on Hahn's stock or interest in the corporation.—*Campbell v. Woodstock I. Co.*, 83 Ala. 351, 3 South. 369; *Gilmer v. Morris*, 80 Ala. 78, 60 Am. Rep. 85; *Ellington v. Charleston*, 51 Ala. 166.

(3) The complainant has the right, under the averments of her bill, to a foreclosure of her lien on the one-half interest in the Plainview Land Company "transferred, set over, and assigned to Mrs. I. E. Boyett as trustee," by William Hahn. It is averred that this land company is a corporation owned in equal parts by J. Standish Clark and William Hahn; and until the foreclosure by complainant of her lien on Hahn's interest and stock in the corporation, and her purchase of the same at such foreclosure, complainant has no right of participation in the governmental affairs of the corporation, to the exclusion of William Hahn.

If the prayer for relief, under the averments of the bill, were for a foreclosure of her lien on Hahn's interest or stock in the corporation, and not for a dissolution of the corporation and a sale of its assets for division, such relief might be had.

Complainant must first have a foreclosure of her lien, after which, if she becomes the purchaser of Hahn's interest, the right to a participation in the affairs of the corporation will be accorded to her as such purchaser.

It results that respondents' demurrer No. 5 to the bill as originally filed (No. 7 to the bill as last amended) was properly sustained; and the decree of the chancellor is accordingly affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.