(85 South. 397)

### DERAMUS et al. v. DERAMUS et al.
#### (3 Div. 421.)

(Supreme Court of Alabama. Jan. 22, 1920. Rehearing Denied Feb. 18, 1920.)

**1. Deeds ☞132—Limitation after words importing a fee held to grant an estate in remainder.**

Where a husband conveyed unto his wife to have and to hold, to her and her heirs and assigns forever, further providing that the property, real and personal, should never be subject to his debts or debts of the wife, and that at her death it should descend to the heirs of his body and her body, there was a limitation over on the estate granted the wife operating as grant of an estate in remainder after her death.

**2. Deeds ☞31—Person not named as grantee may take in remainder.**

A person not named as a grantee may nevertheless take in remainder after the grantee's death, where the conveyance discloses a clear intention to such effect.

**3. Deeds ☞97—Rule that first clause in deed controls not resorted to where conflict can be reconciled.**

The rule that, if two clauses of a deed are inconsistent, the last shall yield to the first, should not be resorted to until all efforts to reconcile the conflicting parts have failed.

**4. Homestead ☞113—Husband's deed of life estate to wife not joining effective.**

A husband's deed to homestead property, in so far as it undertook to vest title in the wife for her life, was effectual in accordance with his intention, though not joined in and unacknowledged by the wife.

**5. Homestead ☞118(3)—Husband's deed in so far as purporting to affect remainder void.**

Husband's deed of homestead property giving life estate to wife and estate in remainder to heirs of his and her bodies, in so far as purporting to affect the estate in remainder in the homestead, was void, being unexecuted and unacknowledged by the wife.

**6. Homestead ☞125—Deed of life estate in homestead without wife joining not void for territorial excess.**

Life estate in homestead limited to children in remainder by husband's deed thereof to wife, who did not join therein, held not wholly void as to the children by reason of a territorial excess; the deed carrying the legal title, and leaving in the husband and his subsequent grantee a right by appropriate proceedings to have the homestead set apart to him.

**7. Deeds ☞59(1)—Filing of conveyance for record constitutes delivery.**

Filing of a conveyance of real property in the probate office for record, when duly signed and attested and acknowledged, constitutes a sufficient delivery completing execution.

McClellan, J., dissenting.

Appeal from Circuit Court, Autauga County; Leon McCord, Judge.

Bill by E. E. Deramus and another against W. M. Deramus and others for the sale of lands and personal property for division. From decree granting relief, respondents appeal. Affirmed.

Ballard & McGaugh, of Montgomery, and Charles W. Sanders, of Ensley, for appellants.

The deed to appellant vested all the title, unless the deed given by the father to his wife vested the remainder in their children

after the death of the mother. The following authorities support the proposition that the deed from the father vested a fee-simple title in the grantee: 203 Ala. 312, 82 South. 668; 167 Ala. 459, 52 South. 592; 135 Ala. 148, 33 South. 26; 180 Ala. 412, 61 South. 341; 160 Ala. 276, 49 South. 312; 172 Ala. 48, 55 South. 161; 29 Ala. 588. The land was a homestead, and the deed could be valid only as a conveyance to the wife. 162 Ala. 267, 50 South. 125, 136 Am. St. Rep. 22; 137 Ala. 199, 33 South. 900; 115 Ala. 551, 22 South. 131; 55 Ala. 344.

Guy Rice and Gipson & Booth, all of Prattville, for appellees.

The rule in Shelley's Case has been abolished. Section 3403, Code 1907. The deed created only a life estate in the wife. 80 Ala. 304; 122 Ala. 630, 25 South. 225; 166 Ala. 59, 59 South. 986; 195 Ala. 8, 70 South. 261; 180 Ala. 425, 61 South. 96; 164 Ala. 331, 50 South. 1015; 105 Ala. 164, 16 South. 723, 53 Am. St. Rep. 101. The husband can convey the homestead to the wife without her separate assent or acknowledgment. 191 Ala. 45, 67 South. 977; 179 Ala. 598, 60 South. 889; 95 Ala. 241, 10 South. 750, 36 Am. St. Rep. 207.

SAYRE, J. The parties complainant and defendant to this bill for partition are the children of R. S. and Mary Alice Deramus. Prior to 1909, R. S. Deramus owned and occupied the land in controversy, a tract of 240 acres. In that year R. S. conveyed the land "unto her," his wife Mary Alice, with habendum as follows, "To have and to hold the same to her and her heirs and assigns forever," after which the deed proceeded:

"But it is hereby provided that the said property both real and personal shall never by contract, mortgage or otherwise be subject to my debts or the debts of my said wife and it is further provided that at the death of my said wife the said property shall descend to and become the property of the heirs of my body and her body now born or hereafter born during our wedlock."

In December, 1911, Mary Alice, being joined therein by R. S., executed a deed, purporting to convey the land, to the defendant W. M. Deramus in fee simple. Afterwards Mary Alice died, and then, in December, 1918, this bill was filed. The chancellor held that the deed from R. S. to Mary Alice vested in the latter a life estate with remainder to their children, and, upon the basis of this holding, decreed relief according to the prayer of the bill.

[1-3] It is not to be denied that the grant "unto her," the wife of the grantor, "to have and to hold the same to her and her heirs and assigns forever," in the absence of limitation, would have created in her an estate in fee simple. But the last proviso was the

204 Ala.—10

equivalent of a limitation over operating as the grant of an estate in remainder after the death of the wife. A person not named as a grantee may nevertheless so take where the conveyance discloses a clear intention to that effect. 1 Devlin on Deeds (3d. Ed.) § 219. It is true that one rule for the construction of deeds requires that, to quote the language of Petty v. Boothe, 19 Ala. 633, 640, "if there be two clauses which are utterly inconsistent with each other, and which cannot be reconciled or made to stand together, the last shall give way to the first, the maxim being, 'the first clause in a deed, and the last in a will shall prevail.'" But this rule should never be resorted to until all efforts to reconcile the conflicting parts have failed. Petty v. Boothe, ubi supra. The two clauses presented by this deed are not utterly, if indeed they be at all, inconsistent. It is clear upon the express terms of the last proviso that the grantor intended to create an estate in remainder in the children of himself and wife, and yet he uses the word "heirs" which he had used in the habendum following the grant to his wife. The term used in the first place is broader than that used in the last, but there is no inconsistency. In the presence of the intention, thus clearly expressed, to create an estate in remainder, the court can have no higher duty than to make it effectual. 2 Devlin, §§ 836, 836a. Many cases on the subject are collated in Dickson v. Van Hoose, 157 Ala. 459, 47 South. 718, 19 L. R. A. (N. S.) 719, and Porter v. Henderson, 203 Ala. 312, 82 South. 668.

[4-6] Appellants contend that the deed from R. S. to Mary Alice was void as to the estate in remainder for the reason that the land constituted the homestead of the couple, and the wife did not join in the execution of the deed nor acknowledge the same separately as provided by statute in the case of an alienation of the homestead. That the deed, in so far as it undertook to vest title in the wife for her life, operated in accordance with the intention of the grantor, is settled in the law of this state. Turner v. Bernheimer, 95 Ala. 241, 10 South. 750, 36 Am. St. Rep. 207; Wallace v. Feibelman, 179 Ala. 589, 60 South. 290; Tatum v. Tatum, 191 Ala. 45, 67 South. 977. But a majority of the court holds, in agreement with the contention of appellants, that, in so far as the deed purported to affect the estate in remainder in the homestead, it was void. That interest, therefore, passed by the deed of December, 1911. But the tract of land in suit, the tract described in the two several deeds to which reference has been made, exceeded the homestead limit by eighty acres. Whether a homestead of 160 acres would exceed in value the constitutional limit of $2,000 does not appear. But the life estate limited to children by the deed of 1909 was not wholly void by reason of the territorial excess. The deed carried the legal title, leav-

ing in the grantor, and in his grantee W. M. Deramus, a right by appropriate proceedings to have the homestead set apart to him. McGuire v. Van Pelt, 55 Ala. 344; Snedecor v. Freeman, 71 Ala. 140; Goodloe v. Dean, 81 Ala. 481, 8 South. 197. The sale for partition must therefore be made subject to that right.

[7] Further, it is suggested the deed to Mary Alice was never delivered. The grantor has testified that it was never "turned over" to the grantee. He testified, however, that he made the deed to her and had it recorded. Filing a conveyance of real property in the probate office for record, when duly signed, attested, and acknowledged, constitutes a sufficient delivery, completing the execution of the instrument. Elston v. Comer, 108 Ala. 76, 19 South. 324; Gulf Red Cedar Lumber Co. v. O'Neal, 131 Ala. 117, 30 South. 466, 90 Am. St. Rep. 22, and cases cited.

The decree is correct and must be affirmed. Affirmed.

All the Justices concur, except McCLELLAN, J., who dissents.

McCLELLAN, J. (dissenting). The primary, fundamental factor in the determination of this cause arises out of the nature and, in any event, the proper construction of the instrument to be quoted in full. The majority opinion reproduces only a part of the instrument. This instrument bears date January 8, 1909, and was alone signed and acknowledged by R. S. Deramus, the husband of the Mary Alice Deramus named therein. That a husband may, without the joinder of the wife in the execution of the instrument, convey to the wife the legal title to land (except as restrained by the laws governing the alienation or incumbrance of the homestead), has been often declared in this jurisdiction. Turner v. Bernheimer, 95 Ala. 241, 244, 10 South. 750, 36 Am. St. Rep. 207; Wallace v. Feibelman, 179 Ala. 589, 60 South. 290.

The body of the instrument entire reads:

"Know all men by these presents: That, whereas, I, R. S. Deramus, of the county and state aforesaid, have heretofore used and expended for my own individual use and benefit the sum (principal and interest) of two thousand dollars in lawful money of the United States, which said money the individual property and separate estate of my wife, Mary Alice Deramus; now, therefore, to secure her in the payment of the sum I have bargained, sold and conveyed unto her and by these presents do bargain sell and convey unto her all of my right title and interest, either at law, or in equity in and to the following named and described property, viz.: All the personal property of every kind and description which I now own, and also the following described real estate situated in the county and state aforesaid, viz.: The SW¼ of the NE¼ and the NW¼ of the SW¼. W½ of the SW¼ in sec-tion 1, township 18, range 13; and the E½ of the NE¼ in Sec. 13, township 18, range 13, and the NW¼ except 14 acres in the S. E. corner. To have and to hold the same to her and her heirs and assigns forever. But it is hereby provided that the said property both real and personal, shall never by contract, mortgage or otherwise be subject to my debts or the debts of my said wife and it is further provided that at the death of my said wife the said property shall descend to and become the property of the heirs of my body and her body now borne, or hereafter borne during our wedlock.

"In witness whereof, I have hereunto signed my hand and affixed my seal, this the 8th day of January, 1909."

Obviously the instrument was written by an unskilled hand. As usual, its construction is to be undertaken in the light of that fact. May v. Ritchie, 65 Ala. 602.

1. It expressly appears upon the face of the instrument that it was only intended to be a "security for the payment of a debt." After designating with particularity the source and amount of R. S. Deramus' obligation to his wife—an obligation to pay that resulted from his recited "individual use" of the "individual property and separate estate of my [his] wife, Mary Alice Deramus"—the instrument provides: "Now, therefore, to secure her in the payment of the sum," etc. The unauthorized appropriation of the money of another, as recited in this instrument, affords a sufficient consideration for a mortgage given to secure the payment of the liability so incurred. Griffin v. Chase, 36 Neb. 328, 54 N. W. 572. The conveyance of the property by this instrument was in pursuance of and consonant with the design thus plainly expressed, and nothing thereafter written in the instrument conflicts with or qualifies that unmistakable purpose and intent. In short, the instrument is in very nature a mortgage. These, among other accessible authorities, defining "mortgage" and announcing principles governing the rights of parties therein, require the conclusion that the instrument quoted is a mortgage: Ellington v. Charleston, 51 Ala. 166; Evington v. Smith, 66 Ala. 398, 401; Jackson v. Rutherford, 73 Ala. 155, 157; Williams v. Davis, 154 Ala. 422, 425, 45 South. 908, defining a mortgage; Boyett v. Hahn, 197 Ala. 439, 442, 73 South. 79; Stollenwerck v. Marks, 188 Ala. 587, 65 South. 1024, Ann. Cas. 1917C, 981; Lewis v. Davis, 198 Ala. 81, 84, 85, 73 South. 419; Lewman v. Ogden, 143 Ala. 351, 359, 42 South. 102, 5 Ann. Cas. 265; 19 R. C. L. pp. 244–246. If an instrument is efficiently executed, whether it is a mortgage is a matter of intention. No particular form or phrase is requisite to the creation of a mortgage. Lewis v. Davis, supra. Courts of equity will supply the means omitted in the instrument to consummate and enforce the rights of the parties in the mortgage. Boyett

v. Habn, supra, among others. Aside from efficient execution under our statutes, the essentials to the creation of a mortgage are a debt or other obligation and the intent to subject property of the debtor described in the instrument to the payment or discharge of the debt or other obligation. Authorities, supra. The omission of a time for the payment of the debt or other obligation secured by a mortgage is not fatal to the validity of the mortgage; the law, intervening in such circumstances, requires the payment to be made within a reasonable time. Byram v. Gordon, 11 Mich. 531; Jones on Chattel Mortgages (5th Ed.) § 87. There can be no difference in principle between the application of this rule to the mortgage of chattels and to the mortgage of real estate, where other provisions of law are observed in the execution of the instrument. It is hardly necessary to add that a defeasance clause is not essential to the creation of a legal mortgage, if the intent to afford a security for the payment of an obligation is disclosed by the writing under inquiry.

Since the instrument above quoted recites that the relation of debtor and creditor existed at the time it was executed, and since it unmistakably appears to have been the intent of R. S. Deramus to afford thereby a security for the payment of the debt so recited, it seems clear to me that the quoted instrument was but a mortgage. If Mary Alice Deramus had sought the enforcement of it in a court of equity, it seems not debatable that she, as mortgagee therein, would have been accorded a decree vindicating and enforcing such rights as inured to her as mortgagee in the premises.

2. If, however, it should be assumed, in the face of the above-stated clearly expressed intent of R. S. Deramus to give his creditor, his wife, security for the payment to her of the amount he had used from her separate estate, that the instrument is a deed, not a mortgage, it seems to me equally clear, under a long line of authorities in this jurisdiction, that Mary Alice Deramus took, not a life estate, but a fee in the land described in the instrument. Code, § 3396; Dickson v. Van Hoose, 157 Ala. 459, 47 South. 718, 19 L. R. A. (N. S.) 719; Dickson v. Wildman, 183 Fed. 398, 105 C. C. A. 618 (the material part of the opinion in which was reproduced in Porter v. Henderson, 82 South. 673, 674 [1]); Hamner v. Smith, 22 Ala. 433; Hunter v. Murfee, 126 Ala. 123, 28 South. 7. Read as a deed, the granting clause in this instrument evinced an unmistakable purpose to convey the fee to Mary Alice Deramus; and, to exclude all possibility of doubt with respect to this clause, the instrument purports to convey "unto her all of my right, title and interest" in and to the land describ-

ed therein. In addition, the habendum is as follows: "To have and to hold the same to her and her heirs and assigns forever." However, if the proviso with respect to the descent of the property after the death of Mary Alice Deramus is attached as a condition to the habendum clause, thereby necessarily instituting a conflict between it and the unqualified effect of the granting clause, the doctrine that the granting clause should prevail over the habendum should be accorded application, with the result that Mary Alice Deramus should, according to all previous authorities in this court, be declared to have taken the fee under this instrument, if it is regarded as a deed. Furthermore, notwithstanding there is no grant whatsoever to the heirs of the bodies of R. S. Deramus and his wife, born during their wedlock, the reading of the last proviso of the instrument even into the granting clause would but serve to constitute an estate tail, converted into a fee by our statute. Code, § 3397; May v. Ritchie, 65 Ala. 602; Slayton v. Blount, 93 Ala. 576, 9 South. 241; Wallace v. Hodges, 160 Ala. 276, 49 South. 312. The decision in Graves v. Wheeler, 180 Ala. 412, 61 South. 341, is inapplicable to the question presented on the construction of the instrument here under review. That case does, however, recognize the well-established rule—elaborately stated in Dickson v. Van Hoose, supra, and repeated in Head v. Hunnicutt, 172 Ala. 48, 55 South. 161, and early affirmed in Webb v. Webb, 29 Ala. 588—that the granting clause shall prevail over the habendum in cases of repugnancy. The deed considered in Graves v. Wheeler did not contain an unqualified habendum, consistent with the granting clause, as in the instrument here under consideration, and the deed there under consideration did not bear the expression of the grantor's purpose to convey "all of my [his] right, title and interest" in and to the land described in the deed, thus rendering impossible the acceptance of the theory on which Graves v. Wheeler was decided, viz., that "the granting clause does not expressly designate the estate conveyed, and there is nothing in the other parts of the deed to indicate the estate intended to be conveyed." While these material differences between the instrument considered in Graves v. Wheeler and that now under consideration should serve readily to distinguish that decision, it may be observed that the soundness of Graves v. Wheeler is quite doubtful when the pertinent doctrine of a long line of our decisions is noted in connection with the review of the correctness of that decision.

Whether R. S. Deramus entertained the design, in executing the instrument of January 8, 1909, to hinder, delay, or defraud his creditors, is a question not presented by the pleadings in this cause; and evidence to

---

[1] 203 Ala. 312.

this end was not admissible under the issues thus made. According to Code, § 5232, 'an issue appropriate to the contest of this matter might have been made.

My opinion is that the decree entered in the court below is affected with fundamental error; that it should be reversed and the cause remanded in order that the real rights of the parties might be adjudicated in accordance with established principles in this jurisdiction. I therefore dissent.