(96 South. 203)

## BRADFORD v. PROCTOR. (8 Div. 545.)

(Supreme Court of Alabama. April 26, 1923.)

I. **Chattel mortgages** ⊙∾8—Instrument pledging mule as security for debt with power to sell on nonpayment at maturity held a mortgage, and not pledge.

A note reciting a pledge of a mule as security with power.to sell it if the debt were not paid at maturity evidenced payee's right, title, and interest in the mule, and hence was a mortgage, and not a pledge, where the evidence showed that the parties intended a transfer of the property as security for the debt' contracted in its purchase.

2. **Chattel mortgages** ⊙∾129—Purchase-money mortgage conveying legal title retains title in seller as security for debt.

A purchase-money mortgage conveying legal title retains the title in the seller as security for the debt, under Code 1907, § 4288.

3. **Chattel mortgages** ⊙∾33—Note reciting pledge of mule as security held mere equitable mortgage.

A note reciting the pledge of a mule as collateral security with power to sell it on nonpayment of the debt secured *held* merely an equitable mortgage.

4. **Chattel mortgages** ⊙∾174(I)—Claimant's equitable mortgage does not prevail as against subsequent mortgagee.

In detinue the superior equity of a mere equitable mortgage will not prevail as against a subsequent mortgagee, as in the case of a claim suit within Code 1907, § 6039.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Action in detinue by Wallace Bradford, by his next friend, R. O. Starkey, against Charles Bradford, in which J. A. Proctor intervened as claimant. From a judgment for claimant, plaintiff appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

The instrument made the basis of plaintiff's claim is as follows:

"Scottsboro, Ala., Feb. 23, 1921.

"On or before 15th of November, 1921, after date, without grace, for value received, I promise to pay to Wallace Bradford or order, $265.00, at the Tennessee Valley Bank, Scottsboro, Ala., interest beginning the 15th of Nov., 1920, at 4%.

"The makers and indorsers of this note hereby expressly waive all right to claim exemption allowed by the Constitution and laws of this or any other state, and agree to pay all costs of collecting this note, including a reasonable attorney's fee for all services rendered in any way, in any and all suits against any maker or indorser, or in collecting or attempting to collect or in securing or attempting to secure this debt, if this note is not paid at maturity. Notice and protest on the nonpayment of this note is hereby waived by each maker and indorser; and it is understood and agreed by each person whose name is signed hereto that he signs this note without any condition or representation as to any other person or persons having signed the same, or that any other person or persons shall sign the same as maker or indorser.

"As collateral security for this or any other debt I now or hereafter may owe the holder of this note, I hereby pledge the following collateral, with power to sell the same publicly or privately, with or without advertisement, if the indebtedness secured hereby is not paid at maturity, to wit: One bay mule 7 years old, known as Duncan mule; also 20 acres of corn to be grown on White place year of 1921.

"[Signed] Chas. Bradford.

"Wit. Jno. H. Downey."

Bouldin & Wimberly, of Scottsboro, for appellant.

A mortgage passes title to the creditor, the possession usually remaining in the debtor. A purchase-money mortgage simply retains the title already in the seller as security for the debt. Sims v. Canfield, 2 Ala. 555; Am. Ins. Co. v. Blumberg Shoe Co., 204 Ala. 445, 85 South. 816. The instrument on which the plaintiff relied is a mortgage. Ellington v. Charleston, 51 Ala. 166; Langdon v. Buell, 9 Wend. (N. Y.) 80; 11 C. J. 404.

Proctor & Snodgrass, of Scottsboro, for appellee.

The instrument was intended as a pledge. 31 Cyc. 800. And claimant, finding the property in the possession of the defendant, had a right to assume that the pledge had been discharged. 31 Cyc. 801; Jones on Pledges, 40; Casey v. Cavaroc, 96 U. S. 467, 24 L. Ed. 779; First Nat. Bank v. Caperton, 74 Miss. 857, 22 South. 60, 60 Am. St. Rep. 540; Am. Pig Iron Co. v. German, 126 Ala. 194, 28 South. 603, 85 Am. St. Rep. 21. The intention of the parties to an instrument does not control, where the rights of a third party intervene. 11 C. J. 405; Clanton Bank v. Robinson, 195 Ala. 194, 70 South. 270. The instrument contains no apt words of conveyance and cannot be construed as a mortgage. Minge & Co. v. Barrett Bros., 10 Ala App. 592, 65 South. 671.

THOMAS, J. This was a claim suit in detinue. The judgment, by the court, was for the claimant. The issue was the superiority of respective mortgages given by the defendant in detinue, on which the plaintiff and the claimant, respectively, rest their title and right to the immediate possession of the personal property made the subject of the suit. The plaintiff appeals, and assigns as error the judgment of the court in favor of the claimant for the mule sued for and made the subject of the claim.

[1] Plaintiff's muniment of title purports to have been given of date of February 23,

⊙∾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

1921, and filed in the probate office for record on the 9th day of May, its due date being November 15, 1921. It evidenced plaintiff's right, title, and interest in the mule, and was a mortgage, not a pledge. Oden v. Vaughn, 204 Ala. 445, 450, 85 South. 779. The evidence is sufficient to show a transfer of the personal property as security for the debt contracted in its purchase. That is to say, it is shown the parties intended a sale of the mule by its mortgage as "security" for the debt. Lewis v. Davis, 198 Ala. 81, 73 South. 419; Boyett v. Hahn, 197 Ala. 439, 73 South. 79; Deramus v. Deramus, 204 Ala. 144, 85 South. 397; Ellington v. Charleston, 51 Ala. 166; Bryant v. Bryant, 35 Ala. 315; Strong v. Gregory, 19 Ala. 146.

Claimant objected to the introduction in evidence of the foregoing mortgage, and, pending the objection, the plaintiff gave evidence substantiating the fact that it was the intention of the parties that the instrument was given as a purchase-money mortgage for the mule, as follows:

"That paper was given for the mule described in it. When I sold Chas. Bradford the mule he was engaged in farming, and the mule was sold to him for farming purposes. He was farming on the White place, where the corn was to be grown that was put in the mortgage. When I sold him the mule, I turned it over to him, and he took it and made a crop with it. I got possession of this mule in this suit before the claim was interposed. The paper was executed when I sold and delivered him the mule. He got the mule, and we went down to John Downey's to fill the paper out." ·

On cross-examination the plaintiff testified:

"I sold him the mule. When the trade was completed I delivered him the mule. After I delivered him the mule, he and I together went down to Downey's and filled out this paper, and he signed it. He rode the mule down there, then took it home with him, and had it in possession all the time until I took it under my writ of detinue."

On redirect examination the plaintiff further testified:

"Q. State what was the understanding or the agreement about securing the debt when you sold [the mule] to him? A. Twenty acres of corn and the mule.

"Q. What do you mean by 20 acres of corn and the mule? A. That was to secure the debt.

"Q. That was the agreement when you had this fixed up (referring to the mortgage of date of February 23, 1921)? A. Yes, sir."

The evidence further showed that the reasonable value of the mule was $127. ·

[2, 3] A purchase-money mortgage, if conveying the legal title, has the effect of retaining the title in the seller as security for the debt. Oden v. Vaughn, supra; Ellington v. Charleston, supra; Sims v. Canfield, 2 Ala. 555; Code 1907, § 4288. The effect of the sale of the mule and the security for the debt contracted in its purchase, evidenced by the paper writing offered in evidence by plaintiff, was merely an equitable mortgage.

The mortgage of date June 8, 1921, due November 1, 1921, evidencing claimant's title, was filed in the probate office for record on the 8th day of June, 1921, and embraced the mule in question. The claimant testified when he "took the [above-mentioned] mortgage on the mule in controversy it was in the possession of Charles Bradford [the mortgagor in the two mortgages], and Bradford told me at the time he owed some on the mule, but did not tell me that he had given a note against it."

[4] In a claim suit within the statute, the superior equity will prevail. Code 1907, § 6039. Not so in a claim suit in detinue that is not embraced in the statute. Butler-Kyser Mfg. Co. v. Central of Ga. Ry. Co., 190 Ala. 646, 67 South. 393.

The action of the circuit court in finding the issue of fact for the claimant is without error.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.