TORBERT, Chief Justice
(dissenting).
It is my opinion that our decision in the case of Costanza v. Costanza, 346 So.2d 1133 (Ala.1977), is controlling here. In Costanza, we held that:
[Wjhether the equitable grounds essential to give the “equitable lien” principle a field of operation are expressed in terms of “fraud,” “unclean hands,” “unjust enrichment” mere passive conduct on the part of. the party against whose interest the lien is sought is not sufficient.
Id., at 1136.
The only evidence that Moore’s actions were anything but passive was the oral agreement alleged by Culpepper to have been made. If the oral agreement is not admissible, therefore, Costanza will preclude the imposition of an equitable lien.
We have repeatedly held that an oral agreement unenforceable under the Statute of Frauds is unenforceable in equity either by way of specific performance or as an equitable lien. Downs v. Downs, 257 Ala. 643, 60 So.2d 686 (1952); Palmer v. James, 210 Ala. 641, 99 So. 109 (1924); Williams v. Davis, 154 Ala. 422, 45 So. 908 (1908). If we admit testimony of the alleged oral agreement in the present case and base the imposition of an equitable lien upon such testimony, we will have, in effect, granted specific performance of the oral agreement. Since the oral agreement is clearly unenforceable, I do not believe that it can be enforced by such a bootstrapping maneuver. I would reverse; therefore, I respectfully dissent.
ALMON and EMBRY, JJ., concur.