BRADLEY, Judge.
This is a divorce case.
The parties to this proceeding were divorced by the trial court on October 17, 1985. In its decree the court ordered, among other things, that the marital home be sold and that the defendant-husband be awarded $20,000 of the proceeds and the plaintiff-wife be awarded the remainder. The wife was also given possession of the house pending the sale of it. Wife filed a motion for a rehearing or new trial. Among the grounds for relief was an asser *85 tion that she and her husband were not the sole owners of the marital house and, therefore, the court could not order that it be sold. She said that her youngest son was a joint owner of the property and he was not a party to the proceedings. The husband replied that the evidence is insufficient to warrant a finding that the son owned an interest in the property ordered by the court to be sold.
The evidence shows that the wife owned the property prior to her marriage to the defendant. A post-marital agreement entered into by the parties in 1983 indicated that the parties and the wife’s youngest son were joint tenants in the property with right of survivorship. The agreement further provided that the wife had conveyed the interest in the marital home to the husband without consideration; however, it was conceded in the agreement that the husband had expended a considerable sum of money in repairing and renovating the house. The. agreement then provided that the parties would convey the property to her and her son as joint tenants with right of survivorship and reserve a life estate to her and her husband.
A warranty deed was later prepared in which husband and wife, as grantors, conveyed the property to wife and son jointly with right of survivorship and the grantors reserved a life estate.
The deed is signed and acknowledged by the grantors, but nowhere thereon does it appear that the deed was recorded in a probate office. The wife testified that she could not remember if the deed had been recorded.
There is no evidence in the record that the deed was delivered to the wife’s son.
Where the proceeding before the trial court is conducted ore tenus, the court’s decision is presumed correct and will not be overturned except for plain and palpable error. Perry v. Perry, 460 So.2d 1324 (Ala.Civ.App.1984).
The evidence supporting the court’s implied finding that the son had no interest in the property in question reveals that the husband and wife were the only grantors in the deed conveying the property to the wife and son. Such circumstance would indicate that the son did not own an interest in the property at the time of the conveyance because such interest would alleviate the need or desire of the mother to convey such interest to him.
Also, there is no evidence in the record that the deed was ever delivered to the son. A deed is ineffective until it is delivered to the grantee. Williams v. Mobile Oil Exploration and Producing Southeast, Inc., 457 So.2d 962 (Ala.1984). Moreover, the evidence fails to show that the deed was recorded. The filing of a signed, attested, and acknowledged deed for record in the probate office constitutes sufficient delivery of a deed so as to complete the execution of the instrument. Deramus v. Deramus, 204 Ala. 144, 85 So. 397 (1920).
In view of the above, the trial court could have concluded that the son did not have an interest in the property; hence it did not err in ordering the property sold and the proceeds divided between the parties. The judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.